448 So.2d 1205 (1984)
Marshall DRAKE and Diana Drake, Appellants,
v.
David HENSON, Appellee.
No. 83-1421.
District Court of Appeal of Florida, Third District.
April 24, 1984.
*1206 Kaplan & Hodin, Miami, for appellants.
No appearance for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
BARKDULL, Judge.
Appellants, plaintiffs in the trial court, seek review of an order of the trial court dismissing the cause with prejudice for lack of subject matter jurisdiction. The action in the trial court sought injunctive relief.
The plaintiff, Marshall Drake, is a licensed drywaller doing business as Drake Drywall. The defendant is a licensed drywaller doing business as P.D.Q. Drywall Company. They entered into an informal oral partnership agreement to work together and split fees. The partnership continued in a friendly basis for some time, then Drake and Henson got into an argument over money. The disagreement allegedly resulted in Henson threatening the Drakes with injury to both their property and person. The threats continued and the Drakes reported them to the police and the State Attorney, allegedly to no avail. The plaintiffs then filed the instant suit alleging the aforementioned facts and seeking a temporary mutual restraining order without notice, a permanent injunction and other relief. The motion for temporary relief was denied. Henson defaulted. A default was entered and the plaintiffs moved for a final judgment. The cause came on for hearing at which time the trial court, on its own motion, entered the order appealed and dismissed the cause for lack of subject matter jurisdiction. We reverse.
Traditionally an equity court has been the appropriate forum to restrain threatened property damages 22 Fla. Jur.2d, Equity § 31; 27 Am.Jur.2d, Equity §§ 59 et seq. and in some instances, threatened bodily injury. 22 Fla.Jur.2d, Equity § 34; 27 Am.Jur.2d § 65. Even though the threatened acts might result in criminal violations, this should not prevent an equity court from exercising its traditional jurisdiction, particularly when it's alleged that the law enforcement agencies refused to take cognizance of the alleged threatened *1207 criminal action. Syfo Water Co., Inc. v. Chakoff, 182 So.2d 17 (Fla. 3d DCA 1965); Davis v. Florida East Coast Railroad, 166 So.2d 774 (Fla. 2d DCA 1964); 22 Fla. Jur.2d, Equity § 32; 27 Am.Jur.2d, Equity § 57. We also note Op.Att'y Gen.Fla. 073-108 (April 6, 1973)[1] which finds a continuing jurisdiction in the Circuit Court. Finding that the trial court, in the exercise of its equity jurisdiction, had subject matter jurisdiction, we reverse the final order of dismissal with directions to reinstate the matter. This opinion is not to be construed as requiring the trial court to issue the permanent injunction requested, but only that he should proceed with the cause.
Reversed and remanded with directions.
NOTES
[1] Which opinion reads in part as follows:

"Revised Art. V, State Const., which became effective at 11:59 p.m., Eastern Standard Time, on January 1, 1973, abolished the office of justice of the peace.
In keeping with this action, the 1972 Legislature enacted Ch. 72-358, which became effective on January 2, 1973, and which repealed said § 37.21. However, all of this does not mean that peace bond proceedings are no longer authorized in Florida.
Section 19 of said revised Art. V says:
SECTION 19. Judicial officers as conservators of the peace.  All judicial officers in this state shall be conservators of the peace. And § 901.01, F.S., provides in pertinent part that:
Each state judicial officer including all judges of courts created by home rule charter counties which have five or less justices of the peace, is a conservator of the peace and a committing magistrate with authority to issue warrants of arrest and commit offenders to jail and recognize them to appear to answer the charge. He may require sureties of the peace when the peace has been substantially threatened or disturbed... . (Emphasis supplied.)
The words "state judicial officer," as used in said § 901.01, exclude a municipal judge and include a circuit judge and a judge of a county court. That a circuit judge and county court judge are state judicial officers is attested by the fact that their salaries are required to be paid by the state, it being provided by § 14 of said revised Art. V that "[a]ll justices and judges shall be compensated only by state salaries fixed by general law... ." (Emphasis supplied.) The result is that peace bond proceedings before judges of county courts, as well as before circuit judges, are authorized by law.
Sections 923.04 through 923.07, F.S., containing forms for use in peace bond proceedings before justices of the peace, have not been repealed and these forms may serve as guidance in drafting similar papers for use by circuit judges and county court judges.
Also, although said § 37.21 stands repealed, I think that it would be safe to follow its principles in a current peace bond proceeding."