PER CURIAM.
Appellant, John Scarbrough, seeks review of an order entering a permanent injunction against him. He alleges two errors on the part of the trial court: first, that the injunction was entered in violation of his due process rights, and second, that the trial court improperly denied his motion to dismiss the complaint for failure to state a cause of action for injunctive relief. Contrary to appellant’s contentions, we find that the complaint does state a cause of action. See Drake v. Henson, 448 So.2d 1205 (Fla. 3d DCA 1984). We agree, however, that the permanent injunction was entered prematurely and therefore reverse and remand on that issue.
Following dismissal of the initial complaint filed by appellee, Jimmy W. Meeks, Sr., seeking injunctive relief against Scarb-rough, Meeks and his wife, Tonya Scarb-rough Meeks, appellant’s daughter, filed an amended complaint similarly seeking in-junctive relief based on threats made by Scarbrough against their lives and their property and business. In response to the complaint, Scarbrough filed a second motion to dismiss for failure to state a cause of action. At the hearing on that motion, the court not only ruled on the motion to dismiss, but then took testimony and ruled on the merits of the complaint and entered a permanent injunction, enjoining Scarb-rough and Mr. Meeks from coming within one block of each other’s residence, telephonic communications, and harassment of any kind, and requiring both parties to leave any public or private place upon observing the presence of the other at that place.
*96 The granting or denial of a restraining order or injunction is a matter that lies within the trial court’s discretion. State Road Dep’t v. Newhall Drainage Dist., 54 So.2d 48, 50 (Fla.1951). While a temporary injunction may be obtained on mere notice, and in certain circumstances even without notice, a permanent injunction cannot be properly granted in a suit simply on notice, without process duly issued and served, and without formality of pleading, or presentation of proof, in the absence of waiver. Smith v. Housing Auth. of City of Daytona Beach, 148 Fla. 195, 197-200, 3 So.2d 880, 881 (1941). Here, although testimony was taken at the motion hearing, Scarbrough never had the opportunity to file an answer to the Meeks’ allegations. Thus, the action was not yet “at issue.” See Fla.R.Civ.P. 1.440(a); Bennett v. Continental Chems., Inc., 492 So.2d 724, 726-727 & n. 1 (Fla. 1st DCA 1986) (en banc). Moreover, the court failed to comply with Florida Rule of Civil Procedure 1.440(c) which requires the court, upon finding the action is ready to be set for trial, to enter an order fixing the date for trial, which date shall not be less than 30 days from the service of the notice for trial. Consequently, the trial court abused its discretion by prematurely entering the permanent injunction in violation of rule 1.440.
Because we conclude that the complaint does state a cause of action under Drake v. Henson, 448 So.2d 1205 (Fla. 3d DCA 1984), we construe the injunction granted to be a preliminary or temporary injunction. The case is remanded to the trial court for further proceedings, including the entry of Scarbrough’s answer and any other pleadings or motions the parties choose to file, together with compliance with rule 1.440.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, ZEHMER and MINER, JJ., concur.