PETERSON, Judge.
The Travelers Insurance Company (“Travelers”) appeals an order denying a petition for a temporary injunction and dismissing the cause for lack of subject matter jurisdiction. The trial court’s order denying the motion cited 29 Fla.Jur.2d, Injunctions, § 44 for the principle that a court has no jurisdiction to enjoin the commission of crime. Travelers filed an emergency motion with this court to direct the trial court to issue the temporary injunction pending resolution of this appeal. We granted it citing Drake v. Henson, 448 So.2d 1205 (Fla. 3d DCA 1984).
Travelers’ petition to the trial court to enjoin Michael T. Conley from entering the premises of its Orlando office was supported by affidavits from Conley’s wife, an employee of Travelers, as well as a co-employee. The motion alleged that Conley, suspecting that his wife was romantically involved with another co-employee, had threatened to hurt, maim or kill the latter. While she also notes that Conley has since retracted the statement, she stated that he owns a gun and has previously injured another individual under similar circumstances.
The co-employee’s affidavit indicated that Conley, visibly upset, approached him at Travelers’ Orlando office and wanted to discuss an alleged extramarital affair that Conley’s wife was having with another employee.[1] After 45 minutes of conversation, the affiant was able to persuade Conley to leave the premises without further incident. Later, he learned from Conley’s wife that Conley was carrying a baseball bat in his pant’s leg, that he owned a gun and that he might be returning to Traveler’s office to hurt or kill the employee allegedly involved with Conley’s wife.
Travelers alleged the foregoing facts, that it had to hire and pay security guards to protect its employees and premises, and was not able to ascertain Conley’s whereabouts.
The trial court correctly noted the general principle that a court of equity, as a rule, lacks jurisdiction to enjoin the commission of a crime. But simply because an act is illegal does not mean it cannot be proscribed by an injunction if grounds for that injunction otherwise exist. Davis v. Florida East Coast R.R., 166 So.2d 774 (Fla. 2d DCA 1964) (pattern of harassment, while criminal in nature, nonetheless warranted injunctive process because acts were detrimental to public safety). Moreover, an injunctive remedy is available to enjoin a trespass “where there is a probability of irreparable injury and an inadequate legal remedy.” 29 Fla.Jur.2d Injunctions, § 40; see also DeRitis v. AHZ Corp., 444 So.2d 93 (Fla. 4th DCA 1984) (irreparable injury may be established where damages are estimable only by conjecture).
In Drake v. Henson, 448 So.2d 1205 (Fla. 3d DCA 1984), which we cited in our order directing the trial court to issue the temporary injunction pending resolution of this appeal, the appellants/plaintiffs argued over money with a business partner. The disagreement allegedly resulted in the defendant threatening the plaintiffs with injury to the plaintiffs and their property. The threats continued and the plaintiffs reported them to the police but to no avail. The plaintiffs then filed a suit seeking a tempo *375 rary mutual restraining order without notice, a permanent injunction and other relief. When the cause came for hearing, the trial court, on its own motion, dismissed the cause for lack of subject matter jurisdiction. In reversing, the district court held that the trial court did have subject matter jurisdiction in the exercise of its equity jurisdiction. In so finding the court noted an equity court traditionally has been the forum to restrain threatened property damages. The court further noted that the opinion should not be construed as mandating the trial court to issue the permanent injunction requested, but simply to proceed with the cause.
We hold that Travelers’ request for a temporary injunction was adequate when it alleged, inter alia, that Conley’s threatened action would result in irreparable injury because a bloody rampage might occur, there is no remedy for an interruption to appellant’s orderly business operations, and a security guard had to be obtained to intercept Conley, should he return. Travelers’ allegations, coupled with supporting affidavits that Conley not only made threats but also took affirmative action to commit violent acts on Traveler’s premises, are sufficient to support an order granting a temporary injunction. We note that violence directed towards one or more individuals committed in business establishments during business hours is occurring with frequency around the nation, and often affects other innocent bystanders both physically and emotionally, as well as property. Here, there exists what one could reasonably perceive to be a situation in which persons in Travelers’ employ may be in imminent danger and Traveler’s property may be damaged from Conley’s partially carried out threats.
Accordingly, we vacate the order dismissing the action and remand this cause for reconsideration by the trial court in light of this opinion and the requirements of Rule 1.610(a), Florida Rules of Civil Procedure.
REVERSED; REMANDED.
COBB and DIAMANTIS, JJ., concur.

. There is no finding that Conley's suspicions are correct.