749 So.2d 538 (2000)
Charles Henry PREST, Appellant,
v.
Patricia Faye TRACY, Appellee.
No. 98-04844.
District Court of Appeal of Florida, Second District.
January 5, 2000.
Joryn Jenkins of Joryn Jenkins, P.A., Tampa, for Appellant.
David T. Weisbrod, Tampa, for Appellee.
PARKER, Judge.
Charles Henry Prest (husband) appeals the second amended final judgment of dissolution of marriage, dissolving his marriage to Patricia Faye Tracy (wife), and the order amending the final judgment of dissolution of marriage. We affirm that portion of the order amending the final judgment that requires the husband to maintain his existing life insurance policies as security for his alimony obligation. The trial court did not abuse its discretion in making this award. See Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989). However, we reverse that portion of the second amended final judgment relating to the equitable distribution of the parties' assets because the trial court failed to comply with section 61.075(1), Florida Statutes (1997), in setting forth its findings. Because of this error, upon remand the trial court must also reconsider the award of permanent periodic alimony.
In fashioning an equitable distribution scheme, the trial court is required to set apart to each spouse his or her non-marital assets and liabilities because those are not subject to equitable distribution. See § 61.075(1), Fla. Stat. (1997). The trial court must then identify and value the *539 marital assets and distribute those equitably between the parties. Id. See also Robertson v. Robertson, 593 So.2d 491 (Fla. 1991); Embry v. Embry, 650 So.2d 190 (Fla. 2d DCA 1995). The trial court must begin its distribution with the premise that the distribution should be equal unless equitable factors compel a different result. See Robertson, 593 So.2d at 493; Lavelle v. Lavelle, 634 So.2d 1111, 1112 (Fla. 2d DCA 1994). The final distribution must be supported by factual findings based on substantial competent evidence. See § 61.075(3), Fla. Stat. (1997). A final judgment which purports to equitably distribute the parties' marital assets but which fails to comply with the statutory requirements is difficult, if not impossible, to review and requires reversal. See Staton v. Staton, 710 So.2d 744, 745 (Fla. 2d DCA), review denied, 728 So.2d 205 (Fla. 1998).
On the date of dissolution in 1998, the husband was seventy-seven years old and the wife was sixty-six. The couple had married in 1993 and lived together for a little over four years before separating. As is to be expected in a marriage this late in life, the parties each entered the marriage with assets obtained prior to the marriage. The evidence established that the husband owned a mobile home, two cars, and various household furnishings prior to the marriage. He received income from a pension plan in which he was completely vested prior to the marriage, from Social Security, and from a part-time job as a maintenance man. He had his own checking account and maintained cash savings in a safe. The evidence established that the wife owned a car and various household furnishings prior to the marriage. She received income from Social Security and from a part-time job as a nanny. She had her own checking and savings accounts and maintained additional cash savings in a safe.
After the marriage, the parties lived in the husband's mobile home. They opened a joint checking account into which the husband deposited his pension and Social Security payments. The parties paid all their household expenses from this joint checking account. The husband maintained his earnings from his job separately, and the wife maintained both her earnings and her Social Security payments separately. During the marriage, the parties purchased additional household furnishings and made some improvements to the mobile home. In addition, the wife sold her car during the marriage and purchased a newer one, paying for it in part with funds borrowed from the husband.
In fashioning its equitable distribution scheme, the trial court awarded the husband the two cars he owned prior to the marriage and a bureau he owned prior to the marriage. The trial court awarded the wife the mobile home owned by the husband prior to the marriage and the vehicle purchased during the marriage. The trial court did not distribute the parties' household furnishings, other than the husband's bureau, or the joint checking account. The trial court never identified or set apart the parties' nonmarital assets prior to distribution as required by section 61.075(1). The second amended final judgment does not identify the husband's mobile home and two cars as nonmarital property, nor does it provide any explanation as to how these items became marital property subject to equitable distribution. The trial court's failure to identify and separate the nonmarital assets from the marital assets prior to distribution constitutes reversible error. Moreover, the second amended final judgment contains no findings as to the value of the assets that were indisputably marital property, such as the majority of the household furnishings, the car purchased during the marriage, and the parties' joint checking account. The failure to identify and value the marital assets also constitutes reversible error.
While the trial court has broad discretion in fashioning an equitable distribution scheme, the trial court must support its *540 distribution with specific factual findings. See § 61.075(1), Fla. Stat. (1997). In this case, the lack of the required statutory findings as to which assets were marital and nonmarital and as to the value of the various marital assets makes review of the trial court's equitable distribution scheme impossible. See Staton, 710 So.2d at 745. Because the trial court must address the equitable distribution of property on remand and because the distribution may affect the award of permanent periodic alimony, we also reverse the award of permanent periodic alimony and remand for reconsideration by the trial court.
Reversed and remanded for a new trial.
CAMPBELL, A.C.J., and CASANUEVA, J., Concur.