800 So.2d 710 (2001)
Patricia A. FARLEY, Appellant,
v.
Emanuel Dean FARLEY, Appellee.
No. 2D00-5346.
District Court of Appeal of Florida, Second District.
December 5, 2001.
*711 Gary A. Hewetson of Gary A. Hewetson, P.A., Largo, for Appellant.
Carl T. Boake and Kathy H. Czepiel of the Law Offices of Wallace, Finck, Boake & Colclough, St. Petersburg, for Appellee.
PARKER, Judge.
Patricia A. Farley (the wife) appeals the final judgment of dissolution of marriage from Emanuel Dean Farley (the husband). The wife correctly contends that the trial court erred in failing to make statutorily required findings to support its award of alimony and in failing to consider the evidence which was presented concerning tax implications of the alimony award. Therefore, we are compelled to reverse.
Through mediation the parties were able to reach a partial settlement in this case. The issues which were reserved for trial court resolution were (1) the amount of permanent alimony the husband should pay to the wife, (2) the amount of life insurance the husband should provide the wife for the purpose of securing payment of his alimony obligation, and (3) whether the wife was entitled to payment of her attorney's fees, suit money, and court costs.
Section 61.08(2), Florida Statutes (1999), provides as follows:
In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.
Failure to include findings of fact as required by section 61.08 is reversible error. Milo v. Milo, 718 So.2d 343, 344 (Fla. 2d DCA 1998); Rausch v. Rausch, 680 So.2d 624, 625 (Fla. 5th DCA 1996). In this case, the final judgment does not contain any findings regarding factors (a) to (f) as enumerated in section 61.08(2). In fact, the final judgment is simply a recitation of the court's legal findings without any supporting findings of fact. Without such findings, it is impossible for this court to *712 conduct an adequate review of the alimony award.
The wife also argues that the trial court erred in failing to consider the tax implications of the alimony award. It is error for the trial court to fail to consider tax implications of an alimony award when such evidence is presented. Miller v. Miller, 625 So.2d 1320, 1321 (Fla. 5th DCA 1993); see Lutgert v. Lutgert, 362 So.2d 58, 62 (Fla. 2d DCA 1978). While the trial court may have considered the tax implications in awarding alimony in this case, it is impossible to so determine on the face of the final judgment. Accordingly, upon remand we direct the trial court to consider the tax implications of the alimony award.
The wife's third argument is that the trial court erred in awarding her alimony which amounted to only 19% of the parties' income. Because the record does not contain findings of fact regarding the section 61.08(2) alimony factors, it is impossible to determine whether the trial court's award of alimony was error. The final judgment of dissolution did not state the husband's income, did not address the standard of living the parties enjoyed during the marriage, and did not address the wife's legitimate expenses postdissolution. The final judgment finds that the wife's "base line expenses" are $3600 per month but never defines that term. While we can find numerous cases in Florida that discuss living expenses of a spouse in dissolution cases, we can find no case that discusses "base line expenses." Because this case must be remanded to the trial court, and in hopes of sparing the parties another appeal to this court, we encourage the trial court to expand its final judgment to address these issues. This record contains a transcript of the full hearing which includes extensive testimony by two certified public accountants which should aid the court in reaching the correct alimony award.
Reversed and remanded for entry of a final judgment of dissolution of marriage containing the required statutory findings to support the award of alimony and which addresses the tax implications of the alimony award.
THREADGILL, A.C.J., and SILBERMAN, J., Concur.