832 So.2d 963 (2002)
Michael A. MIULLI, Appellant,
v.
Jennifer Lynn MIULLI, Appellee.
No. 2D00-4743.
District Court of Appeal of Florida, Second District.
December 27, 2002.
*964 Virginia R. Vetter of Vetter & Hunter and Joseph M. Davis, Tampa, for Appellant.
James P. Knox of Knox & Givens, P.A., Tampa, for Appellee.
WHATLEY, Judge.
The Husband, Michael A. Miulli, appeals the final judgment of dissolution of marriage. The primary issues at the final hearing were the valuation and distribution of marital property and marital debts. We affirm the trial court on all issues except two.
Both issues concern the trial court's award of lump sum alimony to the Wife, Jennifer Lynn Miulli. "Lump sum alimony may be awarded as either support or equitable distribution." Young v. Young, 677 So.2d 1301, 1304 (Fla. 5th DCA 1996). The trial court awarded the Wife lump sum alimony for the purpose of achieving equitable distribution. To the extent that the lump sum alimony award in this case was for support, it was error.[1]
The Wife's counsel concedes the trial court erred in ordering life insurance to be maintained by the Husband as security for the lump sum alimony obligation. This issue was neither pleaded nor litigated by consent. See Lowe v. Lowe, 789 So.2d 1202 (Fla. 4th DCA 2001). In addition, there was no evidence or findings as to the Husband's insurability, the cost of the proposed insurance, or the Husband's ability to afford such insurance. See Scalabroni v. Scalabroni, 807 So.2d 793 (Fla. 2d DCA 2002).
Accordingly, the lump sum alimony award is affirmed as a vehicle to achieve equitable distribution but not as support. In addition, the provision directing the Husband to secure the lump sum alimony award with life insurance is reversed. All other matters raised but not addressed in this opinion are affirmed.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
ALTENBERND and COVINGTON, JJ., concur.
NOTES
[1] Support alimony was not appropriate as the length of the marriage was only three years.