870 So.2d 222 (2004)
Anthony E. GUIDA, Appellant,
v.
Maria GUIDA, Appellee.
No. 2D02-5736.
District Court of Appeal of Florida, Second District.
March 24, 2004.
*223 Anthony E. Guida, pro se.
Jana V. Jay of The Legal Aid Society of Collier County, Naples, for Appellee.
STRINGER, Judge.
This is an appeal of a final order of dissolution of marriage between sixty-two-year-old Anthony Guida (the Husband) and forty-one-year-old Maria Guida (the Wife). No transcript of the final hearing was made, and no statement of the evidence was properly submitted. The parties were married on March 4, 1990, and have one child, a son, born on August 24, 1991. The Wife also has a daughter born on May 16, 1986. At the time of the hearing, the Wife was living in the marital home in Naples, Florida, and the Husband was serving a fifty-one-month sentence for lewd and lascivious assault against the Wife's daughter. We affirm the portion of the final judgment granting the Wife sole parental responsibility of the son. We reverse those portions of the final judgment *224 relating to the equitable distribution scheme and alimony and child support awards due to a lack of statutorily required findings of fact. Additionally, the final judgment improperly imposed an injunction against the Husband having any contact with the Wife or son, and we direct that such provisions be struck on remand.
Section 61.075(1), Florida Statutes (2002), "requires the trial court to distribute marital assets and liabilities between the parties beginning with the premise that an equal distribution should occur." Feger v. Feger, 850 So.2d 611, 614-15 (Fla. 2d DCA 2003). The trial court may make an unequal distribution of assets, provided the court supplies a specific finding of fact to justify its unequal distribution. Id. at 615. The final distribution of marital assets, whether equal or unequal, must be supported by factual findings based on substantial competent evidence. Prest v. Tracy, 749 So.2d 538, 539 (Fla. 2d DCA 2000). Section 61.075(3) states in part that the final judgment shall make a clear identification of marital and nonmarital assets, an individual valuation of significant assets, and a designation of which spouse shall be entitled to each asset. Furthermore, where a trial court makes an award of lump sum alimony, it shall first determine whether the award is necessary for support or to effect an equitable distribution of marital property. Glazner v. Glazner, 693 So.2d 650, 651 (Fla. 5th DCA 1997). Failure to include the statutorily required findings of fact makes appellate review of the distribution scheme difficult, if not impossible, and requires reversal. Prest, 749 So.2d at 539.
In this case, the final judgment simply states under the heading "Distribution of Assets/Liabilities" that the Wife is entitled to the following "as lump sum alimony and unpaid child support": the marital home in Naples "as her sole and separate property"; all personal property remaining in the home except the Husband's clothing, tools, and family photos and history; and all remaining personal property. The final judgment fails to include any of the findings of fact required in section 61.075(3). Without the required findings of fact, we cannot adequately review the equitability of the lump sum alimony award.
If the lump sum alimony was awarded for support, the final judgment remains deficient for a lack of statutorily required findings of fact. Pursuant to section 61.08(2), Florida Statutes (2002), in determining a proper award of alimony the court shall consider all relevant economic factors, including the marital standard of living, the duration of the marriage, the age and condition of each party, the financial resources and the marital and nonmarital assets and liabilities distributed to each party, any time that may be necessary to rehabilitate a party for employment, the contribution of each party to the marriage, and all sources of income available to each party. Without these statutorily required findings, this court cannot conduct an adequate review of the alimony award, and failure to include such findings is reversible error. Farley v. Farley, 800 So.2d 710 (Fla. 2d DCA 2001). In this case, the final judgment does not contain any findings regarding section 61.08 factors other than the duration of the marriage. Because the final judgment's findings of fact are insufficient to support either an equitable distribution scheme or an award of alimony, we reverse and remand for entry of the required findings of fact.
The Husband also challenges the final judgment's award of child support. Section 61.30, Florida Statutes (2002), contains guidelines that presumptively establish the amount of child support a finder of *225 fact shall award, based on the combined monthly net income of the obligor and obligee. The award may deviate from the guidelines by more than five percent, provided the judgment explains why ordering the guideline payment amount would be unjust or inappropriate. § 61.30(1)(a). Further, "[i]f the recurring income is not sufficient to meet the needs of the child, the court may order child support to be paid from nonrecurring income or assets." § 61.30(13). An order to pay child support from assets must be accompanied by a finding that the parent's income is not sufficient to meet the guideline cash support requirement and a valuation of the asset being invaded to meet the child support obligations. Whitcomb v. Whitcomb, 669 So.2d 309, 310-11 (Fla. 2d DCA 1996); Clayton v. Lloyd, 707 So.2d 407, 408 (Fla. 4th DCA 1998).
The final judgment in this case fails to include findings as to either party's net income and makes no reference to the child support guidelines. The judgment simply awards the Wife, as "lump sum alimony and unpaid child support," personal property and the marital home. The judgment makes no finding that the Husband's recurring income is insufficient to meet the child's needs, nor does it contain a valuation of the assets being invaded to meet the child support obligation. Therefore, we reverse the child support award and remand for entry of the necessary findings of fact.
Finally, the trial court erred by including in the final judgment an injunction against the Husband having contact with the Wife or son, stating, "Husband shall make no contact with the minor son," and "The Husband is hereby enjoined and restrained from harassing, harming, molesting, or interfering with Wife." Section 61.052(6), Florida Statutes (2002), provides that "[a]ny injunction for protection against domestic violence arising out of the dissolution of marriage proceeding shall be issued as a separate order in compliance with chapter 741 and shall not be included in the judgment of dissolution of marriage." Furthermore, "a permanent injunction cannot be properly granted in a suit simply on notice, without process duly served, and without formality of pleading, or presentation of proof, in the absence of waiver." Scarbrough v. Meeks, 582 So.2d 95 (Fla. 1st DCA 1991) (citing Smith v. Hous. Auth. of Daytona Beach, 148 Fla. 195, 3 So.2d 880 (1941)). As no request for an injunction was made in the pleadings and there is no evidence of a waiver, the trial court erred by granting in the final judgment an injunction against contact with the Wife or son. Accordingly, such provisions must be struck on remand.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and SALCINES, JJ., Concur.