DAVIS, Judge.
James Yauch, the Husband, challenges the order dissolving his marriage to Pamela Yauch, the Wife. Specifically, he challenges the portion of the trial court’s order directing him to pay periodic alimony, the court’s valuation of the marital home, and the court’s valuation of the Wife’s van.
The Husband raises several challenges to the trial court’s award of alimony to the Wife. He contends that the court failed to make the findings of fact required under section 61.08, Florida Statutes (2003), that there was no evidence to support the required findings if they had been made, and that the court erred in ordering the alimony to be paid over a five-year term.
The Husband is correct in his allegation that the trial court failed to make the statutorily-required findings in support of the award. Before entering an award of alimony, the trial court is required to consider and include findings of fact relative to the following factors set forth in section 61.08: (1) the standard of living established, during the marriage; (2) the duration of the marriage; (3) the age and physical and emotional condition of the parties; (4) the financial resources of the parties, including the nonmarital and marital assets and liabilities distributed to each; (5) if applicable, the time necessary for either party to acquire sufficient education or training to find appropriate employment; (6) the contribution of each party to the marriage, including services rendered in homemaking, child care, education, and career building of the other party; and (7) all sources of income available to either party.
In granting the Wife’s request for alimony, the trial court stated the following in its written order of dissolution:
Respondent/Wife has incurred debt by the award of the marital home. Some of the debt was incurred while the Petitioner/Husband elected not to work for one and one-half (1½) years and, in fact, remained unemployed even as of the date of final hearing. In order to maintain *922 the marital domicile and support the lifestyle consistent with what the parties enjoyed during the marriage, considering the age and health of the parties and the contribution of the parties to the marriage, the court awards periodic alimony to the Respondent/Wife. The Re-spondenVWife is in need of alimony and the Petitioner/Husband has a limited ability to pay alimony under his proposed plan of employment and his imputed income. The Respondent/Wife is awarded periodic monthly alimony in the amount of $200.00 per month for a period of one hundred twenty (120) consecutive months, commencing on April 15, 2003.
Although the court here arguably mentions most of the required statutory factors, the statute requires the court to do more than list the factors considered; it must make factual findings relative to those factors. See Guida v. Guida, 870 So.2d 222, 224 (Fla. 2d DCA 2004); Farley v. Farley, 800 So.2d 710, 711-12 (Fla. 2d DCA 2001). The findings here do not explain what standard of living the parties enjoyed during the marriage, how the parties’ ages and mental conditions influenced the trial court’s decision to award the Wife alimony of $200 per month for five years, the nature of the parties’ financial resources, or the respective contributions made by the parties to the marriage.
Additionally, the order did not identify the type of alimony that was intended (i.e., rehabilitative, lump sum, monthly, or bridge-the-gap), nor did it explain why the trial court limited the duration of the alimony award to 120 months. Because the trial court made insufficient findings of fact to support the award of alimony and did not specify the nature of the alimony, we reverse the alimony award and remand for entry of the required findings of fact.
We turn next to the Husband’s argument that the trial court erred in valuing the marital home at $110,000: In view of the fact that the Husband’s counsel stipulated to this valuation at trial, we find no merit in this claim.
We do, however, find merit in the Husband’s claim that the trial court erred in determining the value of the Wife’s van to be zero. In her financial affidavit, the Wife valued it at $4000. The record offers no support for the trial court’s valuation of the van at zero. Thus, the valuation must be reversed.
In summary, we reverse the award of alimony and remand for entry of proper findings in support of the award pursuant to section 61.08. We also reverse the valuation of the Wife’s van and instruct the trial court, on remand, to value the van at $4000. Finally, because we direct the trial court to alter the valuation of the van, we instruct the court to reconsider the equitable distribution scheme and make adjustments, if necessary. In all other respects, we affirm the final judgment.
Affirmed in part, reversed in part, and remanded with instructions.
yiLLANTI, J„ and THREADGILL, EDWARD F., Senior Judge, Concur.