KELLY, Judge.
 

 The former wife, Monica Lee Fotinos, appeals from a final judgment of dissolution of marriage arguing that the trial court erred in making an unequal and inequitable distribution of marital assets to her former husband, Emmanuel N. Foti-nos, without providing specific findings of
 
 *143
 
 fact to support the award. We affirm the dissolution of the parties’ marriage but reverse the equitable distribution portion of the final judgment.
 

 In its final judgment, the trial court found, in pertinent part, that the parties’ marital assets totaled $131,868.07. The court equally divided these assets and awarded the former wife $65,934.03, payable by the former husband in installments of $300 per month until paid in full. The court also found that the former husband failed to overcome the presumption that a residence, purchased by him during the marriage, was a marital asset. However, despite this finding, the court awarded exclusive use and possession of the home to the former husband.
 

 Section 61.075(1), Florida Statutes (2009), provides that the distribution of marital assets must be equal unless there is justification in the record supporting the court’s disparate treatment. The final distribution of marital assets, whether equal or unequal, must be supported by factual findings based on substantial, competent evidence.
 
 Prest v. Tracy,
 
 749 So.2d 538, 539 (Fla. 2d DCA 2000). Section 61.075(3) states in part that the final judgment must contain specific written findings of fact as to identification of nonmarital and marital assets, valuation of significant marital assets, designation of which spouse shall be entitled to each asset, and other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities. Failure to include the statutorily required findings of fact makes appellate review of the distribution scheme impossible and requires reversal.
 
 Prest,
 
 749 So.2d at 539.
 

 The final judgment in this case does not comply with the statute. Although the judgment properly characterizes the home acquired during the marriage as a marital asset, it essentially awards the former wife’s interest in the residence to the former husband without any valid legal justification and without providing any valuation of this asset. Likewise, neither the record nor the final judgment reveals the court’s rationale in allowing the former husband to pay the former wife’s portion of the distribution award over time. We recognize that under section 61.075(10), a trial court has discretion to order an equitable distribution award payable in installments over a fixed period of time.
 
 See Beers v. Beers,
 
 724 So.2d 109, 114 (Fla. 5th DCA 1998). However, under the scenario fashioned by the trial court, it would take over eighteen years for the former wife to receive her share of the award, effectively depriving the former wife of her one-half interest in the marital assets.
 

 Accordingly, we reverse that portion of the final judgment distributing the parties’ marital assets. On remand, consistent with this opinion, the trial court shall make specific findings that support the equitable distribution scheme.
 
 See Santiago v. Santiago,
 
 51 So.3d 637, 639 (Fla. 2d DCA 2011).
 

 Reversed and remanded.
 

 CRENSHAW and MORRIS, JJ„ Concur.