KHOUZAM, Judge.
 

 Paul Witt, the Former Husband, and Tonya A. Witt, the Former Wife, timely appeal and cross-appeal the final judgment of dissolution of marriage. Because the equitable distribution scheme created in the final judgment is unclear, we reverse and remand for the trial court to appropriately delineate its equitable distribution scheme. On remand, the trial court shall
 
 *1129
 
 also make statutorily required findings regarding alimony.
 

 The parties in this case were married on August 17, 2002, and the dissolution of marriage action was filed on November 21, 2005. The final hearing was held on May 6, 2009. The parties stipulated to some facts while others remained in dispute. The appellate record does not contain a transcript of this hearing, though it does contain exhibits introduced at the hearing as well as the final judgment. In the final judgment, the circuit court made findings regarding the equitable distribution of property and debts.
 

 This court reviews the circuit court’s findings regarding equitable distribution for an abuse of discretion.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1202-03 (Fla.1980). Section 61.075, Florida Statutes (2005), governs the distribution of marital assets and liabilities. Subsection (1) requires the court to set apart each spouse’s nonmarital assets and liabilities and then distribute the marital assets and liabilities with the presumption that the distribution be equal. That section also provides various factors that the court may take into account when justifying an unequal distribution. Subsection (3) provides that in any contested dissolution action, regardless of whether the distribution is equal or unequal, the court must make specific written findings to show that the distribution is supported by competent, substantial evidence. The findings must reference the factors listed in subsection (1) as well as subsection (3) of the statute. A final judgment which fails to include the statutory requirements is difficult to review and requires reversal.
 
 Prest v. Tracy,
 
 749 So.2d 538, 539 (Fla. 2d DCA 2000).
 

 While a trial court has broad discretion to fashion an equitable distribution scheme, it must support its distribution with specific factual findings.
 
 See
 
 § 61.075(1), Fla. Stat.;
 
 Prest,
 
 749 So.2d at 539-40;
 
 see also Santiago v. Santiago,
 
 51 So.3d 637, 638 (Fla. 2d DCA 2011). Here, the circuit court did not make specific findings regarding several issues. First, the court took testimony and found that the parties’ contingent tax liability amounted to $100,000 without assigning this liability to either of the parties. Second, the court did not include the parties’ stipulation regarding the value of the premarital portion of business assets or make clear findings regarding the remaining assets about which the parties disagreed. Regrettably, the final judgment did not delineate the equitable distribution scheme to show what property the court found to be marital, what property it found to be nonmarital, and which party should receive each item as required by section 61.075(1). We must, therefore, reverse the final judgment distributing the parties’ marital assets. On remand, the trial court shall make specific findings that support the equitable distribution scheme.
 
 Prest,
 
 749 So.2d at 539-40.
 

 On remand, the trial court also must make factual findings regarding its denial of alimony as required by section 61.08, Florida Statutes (2011). At the time the final judgment in this case was entered, section 61.08 read as follows:
 

 (2) In determining a proper award of alimony or maintenance,
 
 the court shall consider all relevant economic factors, including but not limited to:
 

 (a) The standard of living established during the marriage.
 

 (b) The duration of the marriage.
 

 (c) The age and the physical and emotional condition of each party.
 

 (d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
 

 
 *1130
 
 (e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
 

 (f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
 

 (g) All sources of income available to either party.
 

 The court may consider any other factor necessary to do equity and justice between the parties.
 

 § 61.08, Fla. Stat. (2009) (emphasis added). Here, the court simply denied the Former Wife’s request for alimony because the Former Husband was going to make an equalizing payment and this was a short-term marriage. However, the trial court did not address all of the appropriate factors required by the 2009 statute.
 

 Accordingly, we reverse and remand for the court to create a proper equitable distribution scheme in accordance with section 61.075.
 
 See Guobaitis v. Sherrer,
 
 18 So.3d 28, 33 (Fla. 3d DCA 2009) (“In light of our holding reversing the equitable distribution of the parties’ marital assets and liabilities and remanding for reconsideration, the trial court shall reconsider the entire distribution scheme, including the award of alimony, both permanent periodic and lump sum; the equitable distribution of the marital assets and liabilities; and child support.”). On remand the court shall also make appropriate findings regarding alimony as required by section 61.08. Because section 61.08 is procedural in nature, on remand the court should apply the current version of the statute.
 
 See, e.g., R.A.M. of S. Fla., Inc. v. WCI Cmtys., Inc.,
 
 869 So.2d 1210, 1216 (Fla. 2d DCA 2004).
 

 Reversed and remanded with directions.
 

 NORTHCUTT and VILLANTI, JJ., Concur.