**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-14

UNITED STATES TAX COURT

ROSCOE JEROME MCNEALY AND LEANA YVONNE MCNEALY,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28304-12S.                    Filed February 19, 2014.

Roscoe Jerome McNealy and Leana Yvonne McNealy, pro sese.

Miriam C. Dillard, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on respondent's Motion For Summary Judgment filed pursuant to Rule 121(a).  In his motion respondent moves for a summary adjudication in his favor as to the deficiency in income tax determined by him in the notice of deficiency.

Respondent determined a deficiency in petitioners' Federal income tax for 2009 of $13,323.  As a threshold matter we must decide whether disposition of this case by summary judgment is appropriate.  If so, we must then decide whether petitioners are entitled to the $40,000 alimony deduction claimed on their 2009 Federal income tax return.[2]

## Background

Petitioners resided in Florida at the time that the petition was filed.

Petitioner Roscoe Jerome McNealy married his first wife Leanetta McNealy (the former Mrs. McNealy) in 1969.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Other adjustments in the notice of deficiency are mechanical in nature.

On April 6, 2009, Mr. McNealy and the former Mrs. McNealy entered into a marital settlement agreement.  The marital settlement agreement states in pertinent part as follows:

> **MUTUAL WAIVER OF ALIMONY**.  Neither party shall claim any entitlement to any alimony award from the other now or in the future or be obligated to make alimony payments to the other.  Each party waives all rights to alimony of any nature which he or she may have under the laws of the State of Florida or any other state.  Each party understands that once having waived alimony, he or she may not institute a claim for alimony at a later date.
>
> **EQUITABLE DISTRIBUTION**.  The parties agree that all marital debts and assets shall be equitably divided pursuant to the equitable distribution spreadsheet attached hereto * * * .
>
>       *     *     *     *     *     *     *
>
> **EQUALIZATION PAYMENT**.  As and for equalization of the distribution of marital assets, the Husband shall pay to the Wife the net sum of **Forty Thousand and No/100 Dollars ($40,000.00)** on or by July 1, 2009.  * * * Said payment shall be made directly to the Wife by certified check or money order.
>
>       *     *     *     *     *     *     *
>
> **SURVIVAL**.  Notwithstanding the incorporation of this Agreement into the Final Judgment of Dissolution of Marriage, this Agreement shall survive such Judgment and be binding on the parties, their personal representatives, successors, and assigns for all time.

The marital settlement agreement was incorporated into the Final Judgment of Dissolution of Marriage, which was entered on April 13, 2009, by the Circuit

Court of the Eighth Judicial Circuit in and for Alachua County, Florida. The Final Judgment of Dissolution of Marriage expressly incorporates the marital settlement agreement and states in pertinent part:

> **MARITAL SETTLEMENT AGREEMENT**. The parties are hereby ordered to comply with all provisions of the Marital Settlement Agreement entered into by the parties on the 6th day of April, 2009. The obligations and covenants of the Marital Settlement Agreement shall survive this Final Judgment of Dissolution of Marriage and shall not merge therein, and the Marital Settlement Agreement may be enforced independent of this Judgment. To the extent any paragraph or term of the Marital Settlement Agreement has not been reiterated in this Final Judgment, it shall nevertheless be incorporated herein by reference.

This order was based on the following "Finding of Fact", which was expressly set forth in the Final Judgment of Dissolution of Marriage:

> **MARITAL SETTLEMENT AGREEMENT.** The Marital Settlement Agreement executed by the parties on the 6th day of April, 2009 and introduced into evidence was voluntarily entered into by both parties after full financial disclosure and is in the best interest of the parties. The Marital Settlement Agreement, among other things, equitably distributes the marital assets and liabilities * * * .

The equalization payment clause is contained in both the Final Judgment of Dissolution of Marriage and the marital settlement agreement. The clause expressly states that the $40,000 payment from Mr. McNealy to the former Mrs. McNealy is for the equalization of the distribution of marital assets.

Petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for 2009. On it, petitioners claimed a $40,000 alimony deduction for the equalization payment that Mr. McNealy made to the former Mrs. McNealy.

Respondent issued a notice of deficiency determining a deficiency in income tax of $13,323 for 2009. Respondent disallowed the alimony deduction for the $40,000 payment Mr. McNealy made to the former Mrs. McNealy. Respondent did not determine any penalty.

Petitioners timely filed a petition for redetermination of the deficiency and asserted that the amount paid to the former Mrs. McNealy qualifies for an alimony deduction for 2009. Respondent filed this motion for summary judgment on December 11, 2013. Petitioners filed an objection to respondent's motion on December 23, 2013. Respondent filed a reply to petitioners' objection on January 15, 2014.

## Discussion

I. Summary Judgment

Rule 121 provides for summary judgment. Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy, but we may grant

summary judgment only if there is no genuine dispute or issue of material fact. Rule 121(a); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

As the moving party, respondent bears the burden of proving that no genuine dispute or issue exists as to any material fact and that respondent is entitled to judgment as a matter of law. See FPL Grp., Inc. v. Commissioner, 115 T.C. 554, 559 (2000). Petitioners, as the party opposing summary judgment, must do more than simply suggest that "there is some metaphysical doubt as to the material facts", see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), but must set forth specific facts which show that a question of genuine material fact exists, see Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Upon review of the record we are satisfied that there is no genuine dispute or issue as to any material fact and that a decision in favor of respondent may be rendered as a matter of law. Accordingly, for the reasons that follow we will grant respondent's motion.

## II. Alimony Deduction

Generally, property settlements (or transfers of property between spouses) incident to a divorce are neither taxable events nor give rise to deductions or recognizable income. See sec. 1041. On the other hand, amounts received as

alimony or separate maintenance payments are taxable to the recipient and deductible by the payor in the year paid.  See secs. 71(a), 215(a).

Section 215(b) provides that the paying spouse may deduct a payment as alimony if the payment is "includible in the gross income of the recipient under section 71."

For alimony to be includible in the gross income of the recipient, the payments must satisfy all of the elements of section 71.  Section 71(b)(1) lists four requirements for a payment to be considered alimony:  (A) such payment is received by (or on behalf of) a spouse under a divorce or separation agreement; (B) the divorce or separation agreement does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215; (C) the payee spouse and payor spouse are not members of the same household at the time such payment is made; and (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Section 71 serves  to establish an objective standard to distinguish between a payment received in the division of property (which is not includible in gross income) and a payment received as spousal support (which is includible in gross

income). See Estate of Goldman v. Commissioner, 112 T.C. 317, 322 (1999) ("'The committee bill attempts to define alimony in a way that would conform to general notions of what type of payments constitute alimony as distinguished from property settlements and to prevent the deduction of large, one-time lump-sum property settlements.'" (quoting H. Rept. 98-432 (Part 2), at 1495 (1984), 1984 U.S.C.C.A.N. 697, 1137)) (citing Hoover v. Commissioner, 102 F.3d 842, 845 (6th Cir. 1996), aff'g T.C. Memo. 1995-183), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000).

Respondent does not dispute that Mr. McNealy's payment to the former Mrs. McNealy meets the requirements of section 71(b)(1)(A) and (C). However, respondent contends that the payment does not meet the requirements of section 71(b)(1)(B) or (D). We agree.

A. The Divorce or Separation Instrument Does Not Designate Such Payments as a Payment Which Is Not Includible In Gross Income Under Section 71 and Not Allowable as a Deduction Under Section 215

In the instant case, the marital settlement agreement states that Mr. McNealy was to pay the former Mrs. McNealy $40,000 "[a]s and for equalization of the distribution of marital assets".

Under Florida law, lump-sum alimony may provide for equitable distribution of property or for support. Miulli v. Miulli, 832 So. 2d 963, 964 (Fla.

Dist. Ct. App. 2002) (citing Young v. Young, 677 So. 2d 1301, 1304 (Fla. Dist. Ct. App. 1996)).  Ordinarily, the trial court specifies whether a lump-sum payment is for support or for equitable distribution of property.  Pipitone v. Pipitone, 23 So. 3d 131, 136 (Fla. Dist. Ct. App. 2009) (citing Guida v. Guida, 870 So. 2d 222, 224 (Fla. Dist. Ct. App. 2004)).  In the instant case, the equalization payment clause is contained in both the Final Judgment of Dissolution of Marriage and the marital settlement agreement.  The clause expressly states that the $40,000 payment from Mr. McNealy to the former Mrs. McNealy is for the equalization of the distribution of marital assets.

The marital settlement agreement makes it clear that the equalization payment was intended to ensure the equitable division of the property.  Because property settlements (or transfers of property between spouses) incident to a divorce are neither taxable events nor give rise to deductions or recognizable income pursuant to section 1041, Mr. McNealy's $40,000 equalization payment to the former Mrs. McNealy is not an alimony payment.  See also Estate of Goldman v. Commissioner, 112 T.C. 317.

Moreover, the marital settlement agreement states that "[n]either party shall claim any entitlement to any alimony award" and that each party waives all rights to alimony of any nature which he or she may have under the laws of the State of

Florida. The marital settlement agreement specifically designates Mr. McNealy's payment to the former Mrs. McNealy as an equalization payment and expressly waives each party's right to alimony payments. Accordingly, because the equalization payment is designated as not being an alimony payment, section 71(b)(1)(B) is not satisfied.

B. There Is No Liability To Make the Payments After the Death of the Payee Spouse

Section 71(b)(1)(D) provides that for payments to qualify as alimony, there can be no requirement that the payments continue after the death of the payee spouse. Whether that requirement is satisfied is determined by the terms of the applicable instrument or, if the instrument is silent on the matter, by State law. See Kean v. Commissioner, T.C. Memo. 2003-163, aff'd, 407 F.3d 186 (3d Cir. 2005).

We first consider the terms of the marital settlement agreement. The marital settlement agreement expressly states that the agreement "shall survive * * * Judgment and be binding on parties, their personal representatives, successors, and assigns for all time." Thus, under the terms of the marital settlement agreement, Mr. McNealy's obligation to pay the $40,000 equalization payment would not have terminated upon the former Mrs. McNealy's death.

In addition, Florida law provides that payments for the equitable distribution of marital assets and liabilities do not terminate upon the death of either party. Fla. Stat. Ann. sec. 61.075(2) (West 2006 & Supp. 2014) provides:

> If the court awards a cash payment for the purpose of equitable distribution of marital assets, to be paid in full or in installments, the full amount ordered shall vest when the judgment is awarded and the award shall not terminate upon remarriage or death of either party, unless otherwise agreed to by the parties, but shall be treated as a debt owed from the obligor or the obligor's estate to the obligee or the obligee's estate, unless otherwise agreed to by the parties.

We have already concluded that Mr. McNealy's obligation to pay the former Mrs. McNealy was for the equitable distribution of marital assets. See Acker v. Acker, 904 So. 2d 384 (Fla. 2005) (discussing application of Fla. Stat. Ann. sec. 61.075 and distinguishing equitable distributions from alimony). Therefore, this statute properly applies to Mr. McNealy's $40,000 payment to the former Mrs. McNealy. Accordingly, under Florida law, Mr. McNealy's obligation would not terminate upon the former Mrs. McNealy's death. Therefore, section 71(b)(1)(D) is not satisfied.

Because the marital settlement agreement and Final Judgment of Dissolution of Marriage fail to satisfy all the requirements of section 71(b)(1), Mr. McNealy's $40,000 equalization payment made to the former Mrs. McNealy is not

alimony. Accordingly, petitioners are not entitled to the alimony deduction for 2009.

C. Petitioners' Arguments

Petitioners argue that they relied on IRS Publication 504, Divorced or Separated Individuals, in determining whether the equalization payment to the former Mrs. McNealy was an alimony payment and thus deductible under section 215. The publication appears to accurately portray the requirements of section 71(b)(1) as discussed above. However, even if that were not the case, we note that informal IRS publications are not authoritative sources of Federal tax law; rather, applicable statutes, regulations, and judicial decisions constitute the authoritative sources of law that inform our decisions. Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), aff'd without published opinion, 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972).

Petitioners also argue that they spoke with an IRS employee who advised them that the equalization payment to the former Mrs. McNealy qualified as an alimony payment. However, the law is clear that informal telephone conversations with IRS employees are not authoritative and that to ensure uniform application of the tax law, the Commissioner is not bound by erroneous, incorrect, or incomplete advice that may be given by his agents. Dixon v. United States, 381 U.S. 68, 72-

73 (1965); <u>Auto. Club of Mich. v. Commissioner</u>, 353 U.S. 180, 183-184 (1957); <u>McGuire v. Commissioner</u>, 77 T.C. 765, 779-780 (1981); <u>see</u> <u>Deal v. Commissioner</u>, T.C. Memo. 1999-352.

Finally, petitioners argue that the Appeals officer who was assigned their case mailed them a proposed decision reflecting no deficiency in income tax for 2009. However, the proposed decision does not affect the outcome of this case. The letter accompanying the proposed decision clearly states: "The proposed decision document is subject to review, signature, and filing with the Tax Court by Area Counsel." Presumably, either the Appeals team manager or Area Counsel did not ultimately approve the proposed decision, as it was never executed on behalf of respondent and submitted to the Tax Court for entry.

We acknowledge that petitioners attempted to ascertain the tax status of the $40,000 equalization payment by consulting an IRS publication and by speaking with IRS personnel. Those efforts could be relevant in relieving petitioners of an accuracy-related penalty if respondent had determined one, but he did not. Rather, the law as enacted by Congress and interpreted by the courts does not permit the deduction of the payment in issue. In short, because no genuine dispute or issue exists as to any material fact and further because respondent is entitled to

judgment as a matter of law, the Court is obliged to grant respondent's motion for summary judgment.

## Conclusion

In reaching the conclusions described herein, we have considered all of the arguments made by petitioners and, to the extent not expressly discussed above, we find those arguments to be moot, irrelevant, or without merit.

To give effect to our disposition of the disputed issue,

An appropriate order granting respondent's motion for summary judgment and decision for respondent will be entered.