NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RONALD E. GARDINER,                )
                                   )
            Appellant,             )
                                   )
v.                                 )          Case No. 2D15-2621
                                   )
MARSHA GARDINER,                   )
                                   )
            Appellee.              )
                                   )
_____    )

Opinion filed December 28, 2016.

Appeal from the Circuit Court for Manatee
County; Janette Dunnigan, Judge.

Jaime L. Wallace and Marc C. Dungan of
Icard, Merrill, Cullis, Timm, Furen &
Ginsburg, P.A., Sarasota, for Appellant.

Cecilia A. Eaton, Bradenton, for Appellee.


SALARIO, Judge.

Ronald Gardiner appeals from a final judgment that awarded lump sum

alimony to his former wife, Marsha Gardiner.[1]  The final judgment also denied the

---

[1]Although the order is titled "Final Judgment of Dissolution of Marriage,"
this is a misnomer.  As noted by the trial court in the order, the parties were previously
divorced in Sweden.  The order does not otherwise purport to dissolve the marriage of
the parties.

former wife's request for permanent periodic alimony, awarded the former husband his businesses on the former wife's prayer for equitable distribution, and denied the former wife's request for attorney's fees and costs. The former husband argues that the trial court erred in awarding the former wife the marital home as lump sum alimony. Because the trial court failed to make the findings of fact required to support the award, we reverse that portion of the final judgment, affirm the balance, and remand for further proceedings.

The parties were married in Sweden in 2006. In October 2011, the former husband filed for divorce in Sweden. Two months later, the former wife filed this dissolution case in circuit court in Manatee County. Her petition requested that the former husband be required to pay permanent periodic alimony and, in addition, that the former wife receive the parties' marital home either as lump sum alimony or as part of an equitable distribution scheme. The marital home was titled in both parties' names and had been paid for with the former husband's premarital funds.[2]

After an evidentiary hearing on the former wife's petition, the trial court entered a final judgment of dissolution. It found that the parties had lived a "comfortable

---

[2]The former husband asserted in the trial court that he retained a special equity in the property based on his contribution of premarital funds. However, special equity was abolished in 2008. § 61.075(11), Fla. Stat. (2008) ("Special equity is abolished. All claims formerly identified as special equity, and all special equity calculations, are abolished and shall be asserted either as a claim for unequal distribution of marital property and resolved by the factors set forth in subsection (1) or as a claim of enhancement in value or appreciation of nonmarital property."); Jurasek v. Jurasek, 67 So. 3d 1210, 1212 (Fla. 3d DCA 2011). Furthermore, the fact that one spouse used his or her nonmarital assets to purchase a jointly titled marital property is insufficient, standing alone, to prove that the spouse did not intend the contribution of premarital funds to be a gift. Zangari v. Cunningham, 839 So. 2d 918, 921 (Fla. 2d DCA 2003). Thus, this finding alone would not prevent an equal distribution of the property.

and exciting life together" but that their circumstances had changed and that the income and assets available to the former husband had "dwindled due to his increased age and decreased ability." It found that the former husband received income of $1091 a month and that the former wife received income of $1195 a month. The trial court also found that the value of the marital home was $110,000.

The trial court denied the former wife's request for permanent periodic alimony, finding that while she had a need for alimony, the former husband lacked the ability to pay and that the circumstances did not warrant granting the former wife permanent alimony. The trial court did, however, grant the former wife's request for the marital home. It found that the former wife had made uncompensated contributions to the former husband's businesses—businesses which produced only meager income— for which it believed she should be compensated. The trial court also found that the former wife "would be without shelter and likely homeless" if she was not awarded the property. The trial court characterized its award of the marital home as an award of lump sum alimony and ordered the former husband to deed his interest in the home to the former wife.

The former husband challenges the award of lump sum alimony. He argues that it was an erroneous award of spousal support or, alternatively, an erroneous unequal distribution of marital assets. To the extent that the trial court failed to make the findings necessary to support the award under either theory, we agree.

Lump sum alimony may be awarded either for spousal support or as part of an equitable distribution of marital property. Pipitone v. Pipitone, 23 So. 3d 131, 136 (Fla. 2d DCA 2009); Miulli v. Miulli, 832 So. 2d 963, 964 (Fla. 2d DCA 2002). "[W]here

- 3 -

a trial court makes an award of lump sum alimony, it shall first determine whether the award is necessary for support or to effect an equitable distribution of marital property." Guida v. Guida, 870 So. 2d 222, 224 (Fla. 2d DCA 2004) (citing Glazner v. Glazner, 693 So. 2d 650, 651 (Fla. 5th DCA 1997)); see also Pipitone, 23 So. 3d at 136. Here, the trial court made no findings that the award was necessary for either purpose. This in itself was error and requires reversal for the appropriate findings. See Pipitone, 23 So. 3d at 136 (reversing and remanding so that trial court could determine whether lump sum alimony was for spousal support or equitable distribution); cf. Pignataro v. Rutledge, 841 So. 2d 636, 638 (Fla. 2d DCA 2003) (reversing and remanding because appellate court could not determine for what purpose the trial court unequally distributed the parties' assets).

Moreover, even if the trial court had made legally sufficient findings as to the purpose of the award, it did not make any findings that would support the award under either the equitable distribution or spousal support statutes. With regard to equitable distribution, section 61.075(1), Florida Statutes (2011), provides that a "court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors." The statute lists ten specific factors—including, as might be relevant here, the duration of the marriage, the economic circumstances of the parties, and the contribution of each spouse to the marital assets and liabilities—that a trial court must consider when effecting an unequal distribution of marital property. § 61.075(1)(a)-(j). A trial court's decision concerning an unequal distribution must "be supported by factual findings in the judgment or order . . . with reference to [these] factors." § 61.075(3); see also Feger v. Feger, 850 So. 2d 611,

615 (Fla. 2d DCA 2003) ("[T]he court must specifically address the facts pertinent to each statutory consideration . . . .").

The statute governing the award of spousal support similarly requires a court to make specific findings of fact. Section 61.08(2) provides that in determining whether to award spousal support, a trial court must

> first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance. If the court finds that a party has a need for alimony or maintenance and that the other party has the ability to pay alimony or maintenance, then in determining the proper type and amount of alimony or maintenance under subsections (5)-(8), the court shall consider all relevant factors . . . .

In many respects similar to those in the equitable distribution statute, the statute then lists ten factors that the court must consider in fashioning an award of support. § 61.08(2)(a)-(j). Thus, as with an unequal distribution of marital property, sufficient factual findings regarding each of the factors in the alimony statute are required to justify an award of lump sum alimony on spousal support grounds. Guida, 870 So. 2d at 224 (citing Farley v. Farley, 800 So. 2d 710, 711 (Fla. 2d DCA 2001)).

Although the trial court in this case made some factual findings that may be relevant to a few of the factors in either the equitable distribution or alimony statutes—for example, the trial court's finding that the former wife could be left without shelter bears on the economic circumstances of the parties—it made no findings specific to those factors that would show that it actually considered all of them in making its decision to award the former wife the marital home. Furthermore, while the trial court found that the former husband had no ability to pay permanent periodic alimony, it made no finding regarding his ability to pay the lump sum alimony. See § 61.08(2) ("In

- 5 -

determining whether to award alimony . . . , the court shall first make a specific, factual determination as to whether either party . . . has the ability to pay alimony or maintenance."); Dunkel v. Dunkel, 196 So. 3d 480, 482 (Fla. 2d DCA 2016) ("A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status." (quoting Canakaris v. Canakaris, 382 So. 2d 1197, 1201 (Fla. 1980))). Thus, even if the trial court had made findings with respect to the purpose of that award, we would remain unable to review it due to the lack of findings under either of the applicable statutes. See Pavese v. Pavese, 932 So. 2d 1269, 1270 (Fla. 2d DCA 2006) (reversing and remanding for further proceedings because final judgment did not contain required factual findings to support either an alimony award or equitable distribution); Farley, 800 So. 2d at 711-12 (reversing and remanding so that the trial court could enter a final judgment that contained requisite findings to support an award of alimony).

With respect to the absence of findings by the trial court, this case is quite similar to our decision in Guida. There, a trial court awarded a former wife the parties' marital residence and other marital property as lump sum alimony and unpaid child support. The trial court made no finding as to whether the award was made for the purpose of equitable distribution or spousal support and made no findings as to the factors identified under sections 61.075(1) or 61.08(2). 870 So. 2d at 224. We held that absent such findings, the final judgment was "insufficient to support either an equitable

distribution scheme or an award of alimony." Id. We reversed the judgment and remanded the case for the trial court to make the required findings of fact. Id.

Nothing in this case supports an outcome different from the one we reached in Guida. We reverse the portion of the final judgment awarding lump sum alimony and remand the case to the trial court to make the appropriate findings of fact. We affirm the final judgment in all other respects.

Affirmed in part; reversed in part; remanded.

WALLACE and BLACK, JJ., Concur.