KLEIN, J.
The husband appeals a dissolution judgment, arguing that the trial court erred in classifying his accounting practice as a marital asset, and in requiring him to pay a portion of the parties’ income tax for 2005 as a non-marital debt. We reverse on both issues.
When the parties married in 1995 the husband had his own incorporated CPA practice, and the testimony of the husband, which was undisputed, was that the practice had not increased during the marriage. The size of the practice, includ *1206 ing the number of employees, amounts of accounts receivable, and liabilities had remained essentially the same. The trial court found that the accounts receivable of the CPA practice were a marital asset and, after deducting for the tax liability on the accounts receivable, awarded the wife one half of their total value.
Because the husband owned his accounting practice before the parties were married, it was a non-marital asset under section 61.075(5)(b), Florida Statutes (2006), but any enhancement in the value of the practice during the marriage might have qualified as a marital asset under section 61.075(5)(a). Although we have found no case addressing the burden of proof as to enhancement, the burden generally is on the party alleging entitlement to an asset. Moon v. Moon, 594 So.2d 819, 822 (Fla. 1st DCA 1992). In this case, the husband carried his burden of proof establishing that this was a non-marital asset by showing that he owned the practice at the time of the marriage. Consistent with the general rule that the party alleging entitlement to an asset has the burden of proof, the burden was on the wife to establish any enhancement in value of the non-marital asset which would bring it within the requirements of section 61.075(5)(a). In this case, the wife did not prove any increase.
In Anson v. Anson, 772 So.2d 52 (Fla. 5th DCA 2000), the husband worked for a company in which he owned sixty percent of the stock before the parties were married, and the court held that it would only be the appreciation in the value of the stock of the corporation which could qualify as a marital asset. In this case, the husband’s accounting practice was incorporated, and accordingly any enhancement would have to have been in an increase in the value of the stock in the corporation. There was no such evidence, and the trial court’s award to the wife of a portion of the accounts receivable cannot be sustained.
Husband also argues that the trial court erred in making him bear a greater portion of the parties’ income tax liability for 2005 than the wife. The trial court ruled that the parties were equally liable for taxes up to August 30th of that year, but that the husband would be solely responsible for the taxes incurred for the remainder of the year. The court picked August 30th because that was the date of the temporary relief order. The marriage was not dissolved, however, until 2006, and husband paid the expenses of both parties from his 2005 income for the entire year. The trial court may have believed it was proper to cut off the tax liability, because it also cut off the liability for credit cards on August 30, but in this case there was a distinction. Once the temporary relief order was entered, the parties were individually responsible for credit card debt which each of them incurred, but the same cannot be said for the husband’s 2005 income, all of which went for the parties’ support, and was subject to income tax for the full calendar year.
We have considered the other issues raised by husband and find them to be without merit. We accordingly affirm the judgment in all respects except for the award of one-half of the accounts receivable and the imposition of the tax liability on the husband for a portion of 2005.

Affirmed in Part, Reversed in Part.

STEVENSON, C.J., and MAY, J., concur.