MORRIS, Judge.
 

 Dalton Santiago, the husband, and Tabatha Santiago, the wife, both appeal a final
 
 *638
 
 judgment of dissolution of marriage. We find merit only in the husband’s argument that the trial court abused its discretion in its equitable distribution scheme. Accordingly, we reverse the final judgment of dissolution and remand for further proceedings.
 

 In the final judgment of dissolution, the trial court awarded the following marital assets to the wife: the marital home, which is valued at $85,000 and is free and clear of any debt; the timeshare, valued at $17,000; the wife’s 401K, valued at $15,000; a car, valued at $8000; and jewelry, valued at $2000. These assets total approximately $127,000. The husband was awarded a car, valued at $2S,500.
 
 [1]
 
 The trial court also imposed the couple’s federal income tax liability solely on the husband. The trial court made no finding on the value of this tax liability, but there was evidence presented that the couple owes the IRS $101,000, although the husband argued that the amount owed was much less. The trial court found that the husband depleted money from the proceeds of the sale of his business, which occurred during the marriage. However, the trial court did not make a finding as to the specific amount the husband depleted, which was a disputed issue at the final hearing.
 

 On appeal, the husband argues that the trial court’s disproportionate distribution of marital assets, combined with its decision to impose the tax liability solely on the husband, was an abuse of discretion. He further asserts that the trial court erred in failing to make findings on the value of the funds dissipated by the husband as well as the couple’s tax liability.
 

 “This court reviews the trial court’s distribution of marital assets and liabilities for abuse of discretion. While the initial premise behind an equitable distribution of marital assets and liabilities is equal distribution, when proper justification is shown, a trial court may make an unequal distribution.”
 
 Rogers v. Rogers,
 
 12 So.3d 288, 291 (Fla. 2d DCA 2009) (citations omitted). The trial court was permitted to consider the husband’s intentional waste or depletion of marital assets and other factors to do equity and justice between the parties.
 
 See
 
 § 61.075(1)(i), (j), Fla. Stat. (2009);
 
 Jonsson v. Jonsson,
 
 715 So.2d 1064, 1064 (Fla. 5th DCA 1998) (“[I]n determining equitable distribution, alimony, and attorney’s fees, the trial court may consider whether one party intentionally dissipated the marital assets or adversely affected the financial status of the other party.”). When a trial court makes an unequal distribution of assets, it must supply “a specific finding of fact to justify its unequal distribution.”
 
 Guida v. Guida,
 
 870 So.2d 222, 224 (Fla. 2d DCA 2004).
 

 The unequal distribution of assets may have been justified by a finding that the husband intentionally depleted $100,000 in marital assets. But the trial court also imposed the tax liability on the husband, which according to the record was in the amount of $101,000, making the distribution even more disproportionate. This further unequal distribution was an abuse of discretion because it penalized the husband twice for depleting the marital funds.
 
 See Boutwell v. Adams,
 
 920 So.2d 151, 154 (Fla. 1st DCA 2006) (holding that unequal distribution was abuse of discretion where trial court found husband liable
 
 *639
 
 for postseparation debt and also factored that debt into distribution scheme; it penalized the husband twice for his debts). Not only was the husband awarded only $23,500 in marital assets compared to the wife’s $127,000, he was assessed the tax liability, likely valued at $101,000.
 

 The trial court may have believed the wife’s argument that the husband depleted closer to $188,000 and that the husband had other property in Puerto Rico. These factors may have justified the further unequal distribution of assets. But the trial court did not make any specific findings to this effect.
 
 See
 
 § 61.075(3) (“The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to ... [a]ny other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities.”). The trial court may have also believed that the marital tax liability was less than $101,000 (as argued by the husband). But again, the trial court failed to make a finding to this effect.
 
 See Lorman v. Lorman,
 
 633 So.2d 106, 108 (Fla. 2d DCA 1994) (holding that before trial court may impose tax liability solely on one party, “it must first determine the amount of the tax liability and then give appropriate consideration to the financial consequences this liability will have on an overall scheme of equitable distribution”). And we note that there appears to be no competent evidence supporting the husband’s contention that the tax liability was less than $101,000.
 

 It is extremely difficult, if not impossible, to analyze the equitable distribution scheme in this case due to the lack of findings on the critical elements at issue here. The lack of findings thus precludes meaningful appellate review.
 
 See Guida,
 
 870 So.2d at 224 (“Failure to include the statutorily required findings of fact makes appellate review of the distribution scheme difficult, if not impossible, and requires reversal.”). We therefore reverse the equitable distribution scheme in the final judgment of dissolution. On remand, consistent with this opinion, the trial court shall either make specific findings that support the distribution of assets and liabilities already made in the final judgment of dissolution or reconsider the equitable distribution scheme and make specific findings that support a new scheme. The trial court may revisit other interrelated financial issues, such as alimony and attorneys’ fees, to the extent they are affected by any changes in the equitable distribution scheme.
 
 See Noah v. Noah,
 
 491 So.2d 1124, 1128 (Fla.1986).
 

 Reversed and remanded.
 

 VILLANTI and KHOUZAM, JJ., Concur.
 

 [1]
 

 . These figures do not take into account personal property valued at $10,000 by the trial court because it is not clear which party received the value of this property. In the equitable distribution division, the trial court awarded the wife the personal property in the marital home and the husband his tools but the trial court did not identify the value of these specific properties.