PER CURIAM.
 

 Edwin Kevin Walker, the Former Husband, appeals the trial court’s Final Judgment of Dissolution of Marriage. The Former Husband raises four issues on appeal. For the reasons set forth below, we reverse the final judgment and remand to the trial court for further proceedings.
 

 First, the Former Husband challenges the trial court’s award of permanent alimony to Brenda D. Walker, the Former Wife. “Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties.”
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1201 (Fla.1980);
 
 accord Mallard v. Mallard,
 
 771 So.2d 1138, 1140 (Fla.2000). In order to award permanent alimony, the trial court must make specific factual determinations with regard to actual need on the part of the former spouse seeking an alimony award. § 61.08(2), Fla. Stat. (“[T]he court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance.”);
 
 see Canakaris,
 
 382 So.2d at 1201. Simple disparity in income will not support an award of permanent periodic alimony: “The purpose of permanent periodic alimony is not to divide future income to establish financial equality.”
 
 See Rosecan v. Springer,
 
 845 So.2d 927, 929 (Fla. 4th DCA 2003) (citing
 
 Segall v. Segall,
 
 708 So.2d 983 (Fla. 4th DCA 1998);
 
 Langevin v. Langevin,
 
 698 So.2d 601 (Fla. 4th DCA 1997);
 
 Wright v. Wright,
 
 613 So.2d 1330 (Fla. 4th DCA 1993)).
 

 Here, the trial court made no specific factual determination with regard to the Former Wife’s actual need for permanent alimony. We must, therefore, “reverse the award of permanent alimony to the Wife and remand to the trial court with instructions to either make sufficient findings of fact to enable this court to determine the
 
 *555
 
 appropriateness of the permanent periodic alimony award, or to consider another form of alimony which would be supportable by the record in this case.”
 
 Segall,
 
 708 So.2d at 988.
 

 Next, the Former Husband asserts that the trial court erred in distributing the parties’ marital assets and liabilities. The Former Husband asserts that the trial court failed to make the findings required by law, including individual valuation of significant assets and the identification of the marital liabilities and designation of which spouse shall be responsible for each liability.
 
 See
 
 § 61.075(3), Fla. Stat. We agree that the trial court failed in these respects, and as a consequence, it is “extremely difficult, if not impossible, to analyze the ... distribution scheme in this case due to the lack of findings on the critical elements at issue here.”
 
 Santiago v. Santiago,
 
 51 So.3d 637, 639 (Fla. 2d DCA 2011);
 
 accord Guida v. Guida,
 
 870 So.2d 222, 224 (Fla. 2d DCA 2004). Accordingly, we reverse and remand with directions for the trial court to either make specific findings to support the distribution of assets or to reconsider the distribution. On remand, the trial court “may revisit other interrelated financial issues, such as alimony and attorneys’ fees, to the extent they are affected by any changes in the ... distribution scheme.”
 
 Santiago,
 
 51 So.3d at 639.
 

 The Former Husband also contests the trial court’s finding that he intentionally dissipated marital assets, specifically that the Former Husband dissipated his retirement account “on various and sundry items and incurred taxes and penalties in the amount of $47,440.09.” The record reflects that the Former Husband received early lump-sum distributions from his retirement account, and in doing so, he incurred early withdrawal penalties and taxes. However, in order to determine that a spouse has dissipated marital assets, the trial court must make “a specific finding of intentional misconduct based on evidence showing that the marital funds were used for one party’s ‘own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.’ ”
 
 Belford v. Belford,
 
 51 So.3d 1259, 1260-61 (Fla. 2d DCA 2011) (quoting
 
 Roth v. Roth,
 
 973 So.2d 580, 585 (Fla. 2d DCA 2008)). “Misconduct is not shown by ‘mismanagement or simple squandering of marital assets in a manner of which the other spouse disapproves.’ ”
 
 Id.
 
 (quoting
 
 Roth,
 
 973 So.2d at 585 (stating there “must be evidence of spending spouse’s intentional dissipation or destruction of the asset”)).
 

 Here, the record is devoid of any evidence of misconduct by the Former Husband or his intentional destruction of marital assets. Accordingly, we reverse the trial court’s finding that the retirement assets were dissipated by the Former Husband.
 

 Finally, with respect to the trial court’s award of attorneys’ fees, we “remand to the trial court for reconsideration in light of the changes in the parties’ relative financial resources following the trial court’s ultimate ruling.”
 
 Segall v. Segall,
 
 708 So.2d 983, 989 (Fla. 4th DCA 1998).
 

 REVERSE AND REMAND.
 

 VAN NORTWICK, THOMAS, and ROWE, JJ., concur.