DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSICA VILMA MILLER,**
Appellant,

v.

**MICHAEL VAN MILLER,**
Appellee.

No. 4D14-2208

[March 16, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Arthur M. Birken, Judge; L.T. Case No. FMCE 12-005235 (35).

Robin Bresky and Jonathan Mann of Law Offices of Robin Bresky, Boca Raton, for appellant.

Nancy A. Hass of Nancy A. Hass, P.A., Hallandale Beach, for appellee.

GERBER, J.

The former wife appeals from the circuit court's final judgment of dissolution, raising several arguments. We find merit in only one argument – that the court's equitable distribution of the parties' assets and liabilities did not include a specific finding that the former wife engaged in intentional misconduct during the dissolution proceedings which resulted in the dissipation of marital assets.

On that argument, we reverse the final judgment with directions for the court to determine whether the wife engaged in such intentional misconduct. As our sister court stated in *Roth v. Roth*, 973 So. 2d 580 (Fla. 2d DCA 2008):

> As a general proposition, it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings. However, an exception to this general proposition exists when misconduct during the dissolution proceedings results in the dissipation of a marital asset. In that case, the misconduct may serve as

a basis for assigning the dissipated asset to the spending spouse when calculating equitable distribution.

> When considering whether the dissipation of an asset resulted from misconduct, the question for the trial court is whether one spouse used marital funds for his or her own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown. The misconduct necessary to support inclusion of dissipated assets in an equitable distribution scheme does not include mismanagement or simple squandering of marital assets in a manner of which the other spouse disapproves. Instead, *to include a dissipated asset in the equitable distribution scheme, there must be evidence of the spending spouse's intentional dissipation or destruction of the asset, and the trial court must make a specific finding that the dissipation resulted from intentional misconduct.*

*Id.* at 584-85 (emphasis added; internal citations, quotation marks, and brackets omitted); *see also* § 61.075(1)(i), Fla. Stat. (2014) ("[I]n distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors, including . . . [t]he intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition or within 2 years prior to the filing of the petition.").

If the record from the previous hearing provides sufficient evidence and arguments for the court to determine whether the wife engaged in intentional misconduct, it shall not be necessary for the court to conduct an additional evidentiary hearing or consider additional arguments. Instead, the court may amend the final judgment without an additional hearing or arguments.

On the remainder of the former wife's arguments, we affirm without further discussion.

*Affirmed in part, reversed in part, and remanded.*

MAY and DAMOORGIAN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***