DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GILBERT RAMOS,**
Appellant,

v.

**PAULA RAMOS,**
Appellee.

No. 4D16-4028

[November 29, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Sherwood Bauer, Jr., Judge; L.T. Case No. 562014DR000511.

Chet E. Weinbaum, Fort Pierce, for appellant.

No appearance for appellee.

FORST, J.

Appellant Gilbert Ramos ("Former Husband") appeals the trial court's final judgment of dissolution of marriage. He argues that the trial court committed several errors, including labeling his vending machine business and truck as marital assets for purposes of equitable distribution, incorrectly valuing his coin collection, and ordering him to obtain life insurance. We agree, in whole or in part, with each of Former Husband's arguments on appeal and accordingly reverse and remand for the trial court to take appropriate action consistent with this opinion.

## Background

On February 28, 2014, Former Husband filed a petition for dissolution of marriage. He and appellee Paula Ramos ("Former Wife") married on December 3, 2000, making the marriage a little more than thirteen years old at the time of filing. In his petition, Former Husband requested equitable distribution, that Former Wife purchase life insurance for the benefit of their two minor children, and that she pay his attorney's fees. In particular, he argued that his vending machine business was exempt from equitable distribution because he had started the business prior to

the marriage. In her response, Former Wife denied, among other things, that the vending machine business was exempt.

At trial, the parties first discussed the vending machine business. Former Husband testified that he started the business ten years before the parties were married. Then, he testified that during the course of the marriage, the value of the business went "down. A lot down." Before he was married, he had "eighty plus machines, both snack and soda," and that all but one or two of those machines were "making money." Former Wife did not disagree, and testified that the business had multiple machines across thirty locations. But then, Former Husband noted, the business had only "twenty-three machines, [at] seventeen locations" at the time of dissolution. Former Wife agreed that there were now only about twenty-three machines.

The parties next discussed the value of a marital coin collection. Former Wife introduced a hand-written list previously made by Former Husband noting that he had about $36,000 in coins. She explained he created the list around 2011. Former Wife also admitted some pictures she took of the coins during this period of time. Former Husband disputed that he ever had $36,000 in coins. Regardless, he testified that their value at the time of filing the petition for dissolution was "about ten, twelve thousand dollars total," and, at the time of trial, the value of the coins was "zero." Former Husband explained that, since 2014, he had to use the coins "to supplement and pay for house bills," "buy[] my own food, pay[] electric, water, TV, phone, et cetera," and buy a Dodge truck. The truck cost $9,000. Former Wife disagreed that Former Husband spent the coins. Still, she noted she used them to buy an $800 cruise ticket.

The trial court entered its final judgment of dissolution of marriage. The court equitably distributed the vending machine business, finding that it was marital "in that it comingled [sic] marital funds during the party's marriage." The court also equitably distributed the coin collection, finding that it was worth $36,000: "18 boxes of quarters, each containing $2,000. The Wife provided clear and convincing evidence that the boxes existed and that they contained the quarters. The Husband has removed the boxes for his benefit." Next, to protect its award of child support, the court ordered Former Husband to "obtain within 30 days of this order a life insurance policy in the amount of $25,000.00, with the children listed as beneficiaries." The court further found that the Dodge truck was marital property, subject to equitable distribution.

**Analysis**

*A. Equitable Distribution of the Vending Machine Business*

"The standard of review of a trial court's determination of equitable distribution is abuse of discretion. However, '[a] trial court's legal conclusion that an asset is marital or nonmarital is subject to de novo review.'" *Berg v. Young*, 175 So. 3d 863, 867 (Fla. 4th DCA 2015) (alteration in original) (quoting *Bell v. Bell*, 68 So. 3d 321, 328 (Fla. 4th DCA 2011)).

Former Husband first argues on appeal that the trial court erred in classifying his vending machine business as a marital asset, and thus equitably distributing it. The business was a premarital asset, and so only its enhanced value during the marriage should have been distributed. Below, however, the court determined that the whole business was a marital asset and subject to equitable distribution because it was commingled with marital funds during the marriage.

The trial court erred. As a preliminary matter, we note that there was no evidence of commingling, and so our review turns to whether there was any enhancement of value to the premarital business. Section 61.075(6)(a)1.b., Florida Statutes (2016), states that only the enhanced value of non-marital assets resulting from the efforts of either party during the marriage will become marital. Our case law is reflective of the statute. *See Pereboom v. Pereboom*, 959 So. 2d 1205, 1206 (Fla. 4th DCA 2007); *Anson v. Anson*, 772 So. 2d 52, 55 (Fla. 5th DCA 2000); *Hanks v. Hanks*, 553 So. 2d 340, 341-42 (Fla. 4th DCA 1989). Here, pursuant to *Pereboom*, Former Husband satisfied his initial burden at trial of proving that he owned the business ten years before the marriage. *Pereboom*, 959 So. 2d at 1206. Thus, as *Pereboom* next mandates, the burden shifted to Former Wife to prove that the premarital business in some way became partly marital through an enhancement of value. *Id.* However, just like the former wife in *Pereboom*, she failed to do so. *Id.* Accordingly, we reverse the court's equitable distribution of the vending machine business.

We note that, if anything, the admitted evidence appears to show that the business actually decreased in value throughout the marriage. Former Husband testified that during the marriage, the value of the business declined, and, ultimately, Former Wife agreed that at the time of dissolution, the business had only twenty-three machines, considerably less from the "eighty plus machines" that Appellant testified he had at the time of marriage. Thus, it appears that the value of the business decreased over time, such that no part of it became a marital asset subject to equitable distribution.

3

*B. Valuation of the Marital Coin Collection and Equitable Distribution of the Dodge Truck*

This Court reviews the trial court's valuation of a marital asset for purposes of equitable distribution for an abuse of discretion. *Dorworth v. Dorworth,* 176 So. 3d 336, 338 (Fla. 5th DCA 2015). "A valuation not supported by competent substantial evidence fails." *Banton v. Parker-Banton,* 756 So. 2d 155, 156 (Fla. 4th DCA 2000).

Former Husband contends that the trial court erred in its valuation of the marital coin collection for purposes of equitable distribution. At trial, Former Wife presented evidence that the value of the coins in 2011 was $36,000. In its final judgment, the court decided to adopt this $36,000 valuation. However, Former Husband argued below and on appeal, there was clear, uncontradicted evidence that by the time of filing the petition for dissolution in 2014, the value of the coins was "about ten, twelve thousand dollars total." Moreover, by the time of trial, the value of the coins was "zero." As noted above, Former Husband testified that he used the coins to pay his living expenses. Although Former Wife denied these assertions of depletion, she appeared to contradict herself by stating that she herself took $800 in coins to buy a cruise ticket.[1]

A final judgment of any distribution of marital assets or liabilities "shall be supported by factual findings in the judgment or order based on competent substantial evidence . . . ." § 61.075(3), Fla. Stat. The appropriate date for determining assets "to be identified or classified as marital assets" in this case is "the date of the filing of a petition for dissolution of marriage." § 61.075(7), Fla. Stat. Moreover, "[a]s a general proposition, it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings." *Roth v. Roth,* 973 So. 2d 580, 584 (Fla. 2d DCA 2008).

The evidence indicates that the coin collection was significantly less than $36,000 as of the commencement of the dissolution proceedings, and was further depleted during the course of the dissolution. Former Husband maintains that none of the depletion/dissipation was a result of marital misconduct. We recognize that the trial court could have valued the coins based on an express finding of dissipation. However, "[t]o include a dissipated asset in the equitable distribution scheme, there must be evidence of the spending spouse's intentional dissipation or destruction of the asset, and the trial court must make a specific finding that the

---

[1] Former Wife stated at trial that she paid Former Husband back for the cruise ticket, but the fact remains that $800 in coins were removed from the collection.

4

dissipation resulted from intentional misconduct." *Weymouth v. Weymouth*, 87 So. 3d 30, 36 (Fla. 4th DCA 2012).

At first glance, it appears the court sought to do just this by stating that Former Husband "has removed the boxes for his benefit." However, Former Husband's use of the coins, to pay for household expenses, does not necessarily constitute "intentional misconduct." *See Roth*, 973 So. 2d at 585 ("The misconduct necessary to support inclusion of dissipated assets in an equitable distribution scheme does not include mismanagement or simple squandering of marital assets in a manner of which the other spouse disapproves."); *Bush v. Bush*, 824 So. 2d 293, 294 (Fla. 4th DCA 2002) (holding that the former husband's exercise of stock options to "satisfy the couple's financial obligations" constituted assets or sums that should not have been included in the equitable distribution scheme).

In the absence of specific findings with respect to the valuation of the coin collection, we remand this issue. *See Santiago v. Santiago*, 51 So. 3d 637, 639 (Fla. 2d DCA 2011) (reversing and remanding because the lack of findings in connection with the equitable distribution scheme frustrated appellate review). On remand, "the trial court should not include assets depleted by either party in the equitable distribution scheme," absent a finding of "waste of marital assets on the part of" that party. *Bush*, 824 So. 2d at 294. The trial court is further instructed on remand to not once again double count the Dodge truck in the equitable distribution decision (the trial court awarded Former Wife both half the value of the truck and half the value of the coins used to purchase the truck).

*C.  Order to Purchase Life Insurance*

We review an order requiring a party to purchase life insurance in connection with an award of child support for an abuse of discretion. *See Gepfrich v. Gepfrich*, 510 So. 2d 369, 371 (Fla. 4th DCA 1987).

Former Husband argues that the trial court erred in ordering him to "obtain within 30 days of this order a life insurance policy in the amount of $25,000.00, with the children listed as beneficiary." He notes that pursuant to *Guerin v. DiRoma*, 819 So. 2d 968 (Fla. 4th DCA 2002), the court needed to explain why such life insurance was necessary, and that he had the ability to pay for such insurance.

Former Husband is correct. Without these requisite findings, the trial court could not order Former Husband to purchase life insurance. Section 61.13(1)(c), Florida Statutes (2016), states: "*To the extent necessary to*

*protect an award of child support*, the court may order the obligor to purchase or maintain a life insurance policy or a bond, or to otherwise secure the child support award with any other assets which may be suitable for that purpose." § 61.13(1)(c), Fla. Stat. (emphasis added). In *Guerin*, this Court held that this statutory language requires the trial court to make an explicit finding of the circumstances meriting an award of life insurance. *Guerin*, 819 So. 2d at 970. This Court also noted that the trial court must make a separate determination of a party's ability to pay for the life insurance, which the trial court here did not do. *Id.* Accordingly, this matter is reversed and remanded.

## Conclusion

The final judgment of the dissolution's equitable distribution scheme must be addressed on remand. First, we reverse the trial court's identification of the premarital vending machine business as a marital asset to be equitably distributed. Second, we reverse and remand the court's valuation of the coin collection, requiring that the court make specific findings, as set forth above, in valuing this coin collection; the valuation should not include dissipation of the collection's value absent a specific finding of intentional misconduct. Finally, we reverse and remand the court's order that Former Husband purchase life insurance; any such requirement must be supported by *Guerin*-mandated findings.

*Reversed and Remanded.*

DAMOORGIAN and CONNER, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***

6