# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-3537
_____

RODNEY W. STEWART, Husband,

    Appellant,

    v.

DARLA JANE STEWART, Wife,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

February 5, 2018

PER CURIAM.

The appellee, Darla Jane Stewart (the former wife), and the appellant, Rodney W. Stewart (the former husband), were married from March 2007 to June 2013 when the former wife filed for divorce. The former husband followed with a counter petition for divorce. After the trial court entered an amended final judgment in which it adopted the former wife's schedule of marital assets and liabilities almost entirely, the former husband filed this appeal challenging several aspects of the trial court's equitable distribution. We agree that the amended final judgment should be reversed and remanded as detailed in this opinion.

*BB&T Account*

In his first issue on appeal, the former husband argues that the trial court erred in valuing the balance of his BB&T account at $58,380.75, which was the balance the time the divorce petition was filed, instead of using the $3,305.75 balance of the account at the time of the final hearing. We agree with the former husband that this valuation was in error.

In equitable distribution under section 61.075(7), Florida Statutes (2015), the trial court has discretion to select the valuation date of a marital asset and may value different assets as of different dates. Generally, it is error to include diminished or dissipated assets in equitable distribution unless the asset has been reduced due to a party's misconduct. *See Gotro v. Gotro*, 218 So. 3d 494, 496 (Fla. 1st DCA 2017) (citing *Winder v. Winder*, 152 So. 3d 836, 838 (Fla. 1st DCA 2014)). Assignment of a dissipated asset due to misconduct requires a specific finding by the trial court based on evidence that the martial funds were used for one party's own benefit for a purpose unrelated to the marriage. *Gotro*, 218 So. 3d at 496-97. Here, the trial court made no finding of misconduct, and the evidence would not support such a finding. The undisputed testimony at the final hearing showed that the former husband's income had diminished considerably in recent years and that he was forced to use monies from the BB&T account to satisfy the temporary support obligations to the former wife, which included $1,500 a month in temporary alimony and $6,000 of the former wife's initial attorney's fees, as well as to pay the costs of the divorce proceedings. As there was no evidence of misconduct and the testimony showed the money was diminished to pay marital expenses during the proceedings, the trial court abused its discretion in assigning the entire $58,380 balance to the former husband in equitable distribution. We reverse the equitable distribution portion of the amended final judgment and remand with instructions to exclude the dissipated value of the BB&T account.

### Rod Stewart Engineering

The former husband next argues that the trial court erred in assigning a positive value for Rod Stewart Engineering to him when the company was a pre-marital asset that had decreased in value during the marriage. The evidence at the final hearing

2

showed that the former husband had owned Rod Stewart Engineering since 1995, well before the parties' 2007 marriage. The evidence also showed that during the first few years of the parties' marriage, the business was profitable, with its profits declining from 2010 onward. The first year of loss for the business was 2013. Enhancement in value and appreciation of a non-marital asset due to either parties' marital labor is a marital asset. *See* § 61.075(6)(a)1.b., Fla. Stat. (2015). While there may have been an argument for assigning some positive value to the business as a result of marital labor, the wife carried the burden of proving the value of enhancement. *See Pereboom v. Pereboom*, 959 So. 2d 1205, 1206 (Fla. 4th DCA 2007). The wife failed to meet her burden. *Id.* Thus, we reverse this portion of the amended final judgment and remand with instructions to exclude the $19,498 in enhanced value of the non-marital asset.

### *Marital Home*

The former husband advances a similar argument with regard to the trial court's decision to assign a $6,000 positive value for parties' martial home on Arnie's Way to him. The former husband purchased Arnie's Way in 1992, well before the parties were married. Arnie's Way had a mortgage of $27,000 at the time of the marriage. Shortly after the marriage, the former husband took out a $230,000 loan from the property, which was used to purchase property on West Garden Street. The parties agreed that the value of Arnie's Way at the time of the final hearing was $170,000. The former husband argues that the trial court erred in assigning a positive $6,000 value to him for Arnie's Way because only enhancement of a marital asset is subject to distribution and all of the evidence demonstrated that the non-marital Arnie's Way had only decreased in value by $60,000 during the marriage. This argument is misplaced as the $230,000 loan did not establish a conclusive value of Arnie's Way at a period early in the marriage. Furthermore, the former wife and her father testified that they had expended considerable efforts in fixing up Arnie's Way; however, they failed to offer any evidence as to the specific value of their labor. The former wife's attorney simply argued that her labor amounted to $20,000 in enhancements, but she was only seeking a "de minimis" amount of $6,000. The trial court accepted the $6,000 figure outright and assigned that value to the former

3

husband.  Because the trial court made no findings with regard to Arnie's Way other than to assign a $6,000 value, which did not have an evidentiary basis, this valuation is reversed and remanded for recalculation.

### *West Garden Street Property*

The former husband argues that the trial court erred in establishing the mortgage balance on the West Garden Street property at $182,000 when the evidence clearly showed the balance was $186,349.  The former wife concedes error.  The West Garden Street valuation is reversed and remanded for recalculation.

### *Honda Odyssey*

The former husband challenges the trial court's decision to assign a $5,000 value for a Honda Odyssey to him when he claims the evidence showed the former wife drove the Odyssey, it became inoperable under her care, and she failed to apply the insurance proceeds to repair the vehicle.  This argument is misplaced as the only evidence of the valuation of the Odyssey came from the husband's own financial affidavit listing its value at $5,000.  Further, while there was testimony that the former wife drove the vehicle, the testimony also showed that the former husband's name was on the title, which he refused to sign over to the former wife.  As such, the trial court properly assigned a $5,000 value for the Odyssey to the former husband.

### *Personal Property*

Finally, the former husband argues that the trial court erred in placing a value on the personal property of the marriage of $38,660, as reflected in error in the former husband's first financial affidavit, as opposed to the corrected $15,795 value on the former husband's amended financial affidavit.  The former husband did testify that the value of the personal property in his amended financial affidavit was the correct amount.  The trial court did not make any specific findings as to the value of the particular items being distributed; therefore, is unclear as to whether this valuation was inequitable given the former husband's testimony.  The personal property amount is also remanded for recalculation.

4

The amended final judgment is reversed and remanded as detailed above. The remainder of the amended final judgment is affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF, ROBERTS, and WETHERELL, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

E. Jane Brehany, Pensacola, for Appellant.

Gregory D. Smith of Gregory D. Smith, P.A., and Kathleen E. Anderson of Anderson & Runco, Pensacola, for Appellee.