DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LESLIE WELTON,**
Appellant,

v.

**LYNN WELTON,**
Appellee.

No. 4D18-1516

[March 6, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502017DR009278XXXXNB.

Brian P. North of Kenny Leigh & Associates, Fort Walton Beach, for appellant.

No brief filed for appellee.

LEVINE, J.

The husband appeals a final judgment of dissolution of marriage, raising several arguments. We reverse and remand because the trial court (1) erroneously found the husband's dissipation of marital assets to be the result of "intentional misconduct," (2) overvalued the husband's stock, (3) failed to address certain items of personal property, and (4) erred in valuing the husband's share of his deceased mother's estate. As to the other issues raised, we find them to be without merit and affirm without further discussion.

The parties were married in 1998. The husband filed for a divorce in 2017. The wife counter-petitioned seeking alimony and an equitable distribution of the parties' assets.

During the pendency of the petition, the husband withdrew roughly $130,000 from a Baird 401(k) and moved it to an IRA account with TD Ameritrade. He then took $65,000 of the transferred funds from the TD Ameritrade account, incurring a 10% early withdrawal penalty and subject to a 25% tax withholding requirement. The husband used the withdrawn

funds to pay off some debts incurred during the marriage. While he paid off debts that were in both parties' names and marital debts that were only in his name, the husband did not pay off any marital debts that were solely in the wife's name. This left the husband with no outstanding debt and the wife with roughly $88,000 in debt. At trial, the wife contended that more than half of the funds withdrawn from the TD Ameritrade account were intentionally dissipated for non-marital purposes.

During the pendency of his petition, the husband also sold $4,220.24 worth of stock from his employee stock plan. He used these funds to pay off other marital debts. At trial, the wife agreed the husband sold a "big chunk" of his stocks.

In his petition and at trial, the husband also claimed that the wife was in possession of numerous items of his personal property: computers, sporting goods, instruments, and clothing in the marital home. He asked the court to address these items in its final judgment.

Additionally, the husband's mother died during the pendency of the petition. At trial, the estate's attorney testified that the estate account contained around $180,000 and that the husband would receive one-third of whatever remained of that account after the payment of estate debts, estate expenses, and the mother's funeral expenses.

In its final judgment, the trial court found that the husband "unilaterally cashed out his entire 401K thereby incurring significant taxes and penalties" and leaving only $65,000 in the rollover IRA account. It further noted that had the husband not cashed out the 401(k), he would not have incurred these "additional and unnecessary penalties." As to the stocks, the trial court adopted the wife's equitable distribution schedule. That schedule noted that the husband had sold an estimated $4,220.24 worth of stocks, but nonetheless attributed their full pre-sale value of $7,000 to the husband. For the purposes of ability to pay alimony, the trial court attributed a full third of the $180,000 total estate to the husband. The final judgment was silent as to the items of personal property the husband claimed were still in the marital home.

An appellate court reviews a finding that one spouse improperly dissipated marital assets for abuse of discretion. *Bateh v. Bateh*, 98 So. 3d 750, 751 (Fla. 1st DCA 2012). Except when the dissipation of assets results from intentional misconduct, it is generally error for a court to include dissipated assets in its equitable distribution scheme. *Bush v. Bush*, 824 So. 2d 293, 294 (Fla. 4th DCA 2002).

2

Similarly, a trial court's alimony award is reviewed for abuse of discretion. *Kareff v. Kareff*, 943 So. 2d 890, 893 (Fla. 4th DCA 2006). At the trial level, a court's valuation of the parties' assets must be supported by competent, substantial evidence. *See Hooker v. Hooker*, 220 So. 3d 397, 399 (Fla. 2017).

We find that the trial court erred in its findings regarding the husband's dissipation of marital assets. Improper dissipation occurs "where one spouse uses marital funds for his or her own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown." *Gentile v. Gentile*, 565 So. 2d 820, 823 (Fla. 4th DCA 1990), *disapproved on other grounds by Acker v. Acker*, 904 So. 2d 384 (Fla. 2005) (citation omitted). In order to include dissipated assets in the equitable distribution scheme, the trial court "must make a specific finding that the dissipation resulted from intentional misconduct." *Miller v. Miller*, 186 So. 3d 1128, 1129 (Fla. 4th DCA 2016) (emphasis omitted) (quoting *Roth v. Roth*, 973 So. 2d 580, 584-85 (Fla. 2d DCA 2008)).

While the trial court did note that the husband "intentionally dissipated" assets in a manner that was "detrimental" to the wife, this was not enough to warrant inclusion of the dissipated assets in the equitable distribution scheme. Instead, the trial court was required to make particularized findings as to the husband's "intentional misconduct." *See id.*

The trial court did not make such findings and the record evidence failed to show any intentional misconduct in the husband's use of the marital funds. Instead, both parties' testimony reflects that he used the funds to pay off legitimate marital debts rather than for purposes "unrelated to the marriage." *See Gentile*, 565 So. 2d at 823. Assets depleted in such a manner cannot be included in an equitable distribution scheme. As such, the trial court erred in finding that the husband's dissipation of the marital funds to pay off marital debts was intentional misconduct.

This conclusion finds support in the First District's decision in *Walker v. Walker*, 85 So. 3d 553 (Fla. 1st DCA 2012). There, as here, the former husband incurred penalties after taking an early disbursement from a retirement plan. Like in this case, the trial court's final judgment noted only that the husband had withdrawn the funds and spent the money on various items. Because the trial court failed to make any specific findings of misconduct based on record evidence, the First District reversed. *See id.* at 555.

As to the stocks, both parties testified that the husband sold some of his stocks during the pendency of the petition; in fact, the equitable distribution scheme adopted by the lower court even notes this. Thus, there is no evidentiary support for the stocks still being valued at $7,000.[1] The trial court nonetheless included the pre-liquidation stock value of $7,000 in the equitable distribution. Because this valuation lacked competent, substantial evidentiary support, it was error. *See Hooker*, 220 So. 3d at 399.

We also reverse as to the trial court's findings regarding the husband's share of his mother's estate. The uncontroverted evidence was that the husband would receive one third of the remainder of the $180,000 after the deduction of estate costs, debts, and funeral expenses. As such, the trial court's finding that he would receive one third of $180,000 without regard to the deduction of costs, debts, or expenses was not supported by the evidence and amounted to an abuse of discretion. *See Kareff*, 943 So. 2d at 893.

Finally, the trial court erred in failing to address the items of personal property testified to at trial. In the final judgment, the trial court concluded that the parties failed to "present any evidence regarding other items and/or personal property" and made no findings as to the items identified by the husband as still being in the wife's custody. However, at trial, the husband specifically testified about items left in the marital home and his petition requested an adjudication of rights as to those items.

"In a dissolution action, when the question of property rights is raised, the court must determine the issue since its final judgment of dissolution settles all property rights of the parties and bars further action to determine such rights." *Craig v. Craig*, 404 So. 2d 413, 414 (Fla. 4th DCA 1981). As such, the trial court erred in concluding that there was no evidence presented as to the parties' personal property and failing to make findings as to the personal property testified to at trial. *See Lopez v. Lopez*, 447 So. 2d 898, 898 (Fla. 3d DCA 1983) (holding that trial court erred in failing to adjudicate parties' rights to personal property acquired during the marriage, as requested by the parties).

---

[1] Additionally, the trial court could not have included the $7,000 in stocks under a theory of dissipation via intentional misconduct. Because there was no evidence of intentional misconduct in the husband's liquidation of his stock to pay off marital debts, it would have been error to include the value of the dissipated stock in the equitable distribution scheme on that basis. *See Miller*, 186 So. 3d at 1129.

4

In conclusion, we find that the lower court erred in four respects: it erroneously found the husband's dissipation of marital assets to be the result of "intentional misconduct," it incorrectly valued the husband's stock, it overvalued the husband's share of his mother's estate, and it failed to adjudicate the parties' rights as to certain personal property. For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion. As to the other issues raised in this appeal, we affirm.

*Affirmed in part, reversed in part, and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5