# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-4078

———————————————

DEREK MARTIN GRIFFIN,

    Appellant,

    v.

ANGELA MARY GRIFFIN,

    Appellee.

———————————————

On appeal from the Circuit Court for Okaloosa County.
Mary Polson, Judge.

June 7, 2019

PER CURIAM.

In this dissolution case, the former husband challenges the equitable distribution of the $72,000 he received from the settlement of his worker's compensation case. We summarily reject the former husband's argument that the trial court abused its discretion in finding that the settlement proceeds were subject to equitable distribution as a marital asset, but because only about $6,400 of the settlement proceeds remained as of the date of the final hearing,[1] a specific finding of misconduct was required for the

---

[1] The former husband testified that he used the rest of the proceeds to pay legal fees, child support, and living expenses during the dissolution proceeding, but the trial court made no

court to include the entire amount of the settlement in the equitable distribution scheme. *See Olivarez v. Olivarez*, 250 So. 3d 872 (Fla. 1st DCA 2018)("Absent a showing of misconduct, it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings.") (internal quotations omitted); *Walker v. Walker*, 85 So. 3d 553, 555 (Fla. 1st DCA 2012) ("[I]n order to determine that a spouse has dissipated marital assets, the trial court must make a specific finding of intentional misconduct based on evidence showing that the marital funds were used for one party's own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.") (internal quotations omitted). Accordingly, we reverse the equitable distribution portion of the dissolution judgment and remand to the trial court for additional findings or reconsideration of the equitable distribution scheme. The dissolution judgment is otherwise affirmed.

AFFIRMED in part; REVERSED and REMANDED in part.

WOLF, WETHERELL, and MAKAR, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Derek Martin Griffin, pro se, Appellant.

Clark H. Henderson of Henderson Law Firm, PA, Shalimar, for Appellee.

---

findings on the veracity of this testimony or the amount of the remaining settlement proceeds.