DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FEDLINE INNOCENT,**
Appellant,

v.

**RICO INNOCENT,**
Appellee.

No. 4D22-985

[May 17, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. FMCE20-003041.

Susan R. Brown of Susan R. Brown, P.A., Plantation, for appellant.

No appearance for appellee.

PER CURIAM.

The Former Wife appeals an order dissolving her marriage with the Former Husband, distributing their assets, and establishing a parenting plan and child support for their two minor children. We address four issues below, reverse the final judgment of dissolution, and remand for further proceedings.

*i. The Finding that the Former Wife Dissipated Assets is Reversed and Remanded for Further Proceedings*

The Former Wife first argues the circuit court erred in granting the Former Husband $30,000 based on the Former Wife's dissipation of assets. The final judgment states that "Father's request for $30,000 from Mother due to her dissipation of marital assets is granted." The final judgment does not specify which assets were dissipated, nor does it find whether the dissipated assets were marital or non-marital.

Furthermore, this finding in the final judgment potentially conflicts with the circuit court's oral finding that the Former Wife owed the Former Husband $30,000 for both his share of the parties' marital home and the

personal assets in it when the home was sold. The dissipation of assets was also an issue outside the pleadings and outside the scope of a referral to the magistrate judge who decided the issue.

We therefore reverse the court's finding that the Former Wife dissipated assets. But we do so without prejudice to allow the parties to properly address the issue on remand. If the Former Husband proves that assets were dissipated, then the circuit court must make the required findings. *Welton v. Welton*, 267 So. 3d 6, 8-9 (Fla. 4th DCA 2019); *Roth v. Roth*, 973 So. 2d 580, 585 (Fla. 2d DCA 2008). Because we reverse the finding requiring the Former Wife to pay the Former Husband $30,000, we also reverse the circuit court's contempt order enforcing the obligation.

### ii. The Circuit Court Must Determine Whether the Child Needs Retroactive Child Support

In her Amended Petition for Dissolution, the Former Wife "request[ed] temporary child support pending the resolution of this case" and asked the court to "determine the amount of child support both temporary and permanent to be paid by the [Former] Husband as per Florida Statutes, as well as any arrears from the date of filing of the initial Petition." The circuit court did not enter a temporary support order or address whether the child required temporary support. On remand, the circuit court should address the child's need for temporary support.

### iii. The Final Judgment Must Include Child Support Guidelines and Make Findings on Both Parties Income

Next, the Former Wife argues that the circuit court erred when it did not include child support guidelines or make findings on both parties' income. We agree.

The Former Husband filed a Child Support Guidelines Worksheet on the day of the hearing. The hearing transcript reveals the circuit court adjusted the child support calculation based on rulings at the hearing. But an updated worksheet reflecting these changes does not appear in the record, the Magistrate's Report, or the Final Judgment. The updated worksheet must be included. *Dorvilien v. Verty*, 335 So. 3d 146, 147 (Fla. 4th DCA 2022).

Similarly, "[i]n conformance with section 61.30, the case law is 'well-settled that a trial court errs by failing to make findings of fact regarding the parties' incomes when determining child support.'" *J.A.D. v. K.M.A.*,

264 So. 3d 1080, 1083 (Fla. 2d DCA 2019) (quoting *M.M. v. J.H.*, 251 So. 3d 970, 972 (Fla. 2d DCA 2018)).

On remand, the circuit court must include the child support guideline worksheet and make findings on both parties' income.

### *iv. Any Relocation Order Must Comply With Section 61.13001*

Finally, the Former Wife argues the circuit court erred when it allowed the Former Husband to exercise timesharing in Georgia. She argues that section 61.13001, Florida Statutes (2021), required the Former Husband to file a pleading seeking permission to relocate the children to Georgia. Because the Former Husband failed to request relocation in a pleading, we agree and reverse. *See* § 61.13001, Fla. Stat. (2021). On remand, the circuit court may issue an order allowing relocation if the order complies with section 61.13001.

### *Conclusion*

We reverse the circuit court's final judgment of dissolution and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

MAY, CIKLIN and KUNTZ, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

3