DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAMI MOLINA,**
Appellant,

v.

**MOISES MOLINA,**
Appellee.

No. 4D2023-2629

[August 7, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Laurie E. Buchanan, Judge; L.T. Case No. 432022DR000561.

L. Lisa Batts of Stuart Law Group, P.A., Stuart, for appellant.

No appearance for appellee.

FORST, J.

Appellant Tami Molina ("Former Wife") timely appeals the trial court's dissolution of marriage final judgment. Former Wife petitioned for dissolution from appellee Moises Molina ("Former Husband"), and the trial court granted the petition. Former Wife argues on appeal the dissolution order contains a flawed misconduct finding, fails to set forth sufficient alimony calculations, and fails to make written findings on Former Wife's entitlement to attorney's fees. We agree and reverse and remand.

**Background**

Former Wife petitioned for dissolution, seeking equitable distribution, alimony, and attorney's fees and costs.

At the trial on the petition, Former Wife testified that shortly after the parties separated, the parties' joint bank account had $30,000 remaining. She explained that when she discovered Former Husband had removed $2,000 from the account, she also withdrew money from the account, leaving $1,400 remaining. As justification for her withdrawal, she explained that Former Husband had been the sole contributor to the

parties' finances but he had stopped contributing his paychecks after separation; this prevented Former Wife from having money for living expenses and household bills. Former Wife testified that she had spent the withdrawn funds to pay for these expenses and to pay her attorney's retainer.

Former Wife cited to these "living expenses" to justify her alimony request. She provided some testimony to explain the necessity of these expenses, contending that many expenses were household payments that she covered during the marriage and that Former Husband had stopped paying after separation. She also proffered a health insurance agent to testify as to the reasonable costs of health insurance, because she was no longer on Former Husband's health insurance plan. The agent set forth several different valuations, depending on a given plan's coverage and Former Wife's income.

Former Husband did not object to any of Former Wife's exhibits and did not present any evidence beyond a short statement that he did not think he could continue working for much longer because of his health issues. He did not present evidence relating to Former Wife withdrawing money from the joint account.

After the trial, the trial court entered its final dissolution judgment. The trial court found that Former Wife's withdrawal of $30,000 from the parties' joint account constituted "misconduct," deeming Former Wife's testimony not credible regarding how she spent the money. Because of the misconduct finding, the trial court included the $30,000 in the equitable distribution calculation. Despite finding Former Wife's testimony not credible that she had spent the withdrawn money on attorney's fees, the court found that because Former Wife had spent the withdrawn money on attorney's fees, she would bear the cost of her own fees. The trial court did not make findings on Former Wife's need for fees or Former Husband's ability to pay her fees.

Former Wife moved for rehearing, arguing the trial court's finding of misconduct was not supported by competent substantial evidence because Former Husband did not offer any evidence to rebut Former Wife's testimony on how the money was spent. The motion was denied, and this timely appeal followed.

## Analysis

Former Wife argues that Former Husband presented no evidence to support a finding that she had committed misconduct, because her

2

unrebutted testimony established the money was spent on household bills, living expenses, and her attorney's fees. Next, she argues the trial court failed to set forth an expense calculation, thereby preventing us from reviewing the trial court's reasonableness determination. Finally, she argues that the trial court failed to make a finding on Former Wife's need for attorney's fees and Former Husband's ability to pay those fees.

We review findings in a dissolution proceeding for competent substantial evidence and for abuse of discretion. *Welton v. Welton*, 267 So. 3d 6, 8 (Fla. 4th DCA 2019); *Bateh v. Bateh*, 98 So. 3d 750, 753 (Fla. 1st DCA 2012).

The trial court's misconduct finding was not supported by competent substantial evidence. It is error to include in a dissolution proceeding dissipated marital funds where one party presents unrebutted testimony on how the funds were used and there is no evidence of misconduct with respect to that use. *Van Maerssen v. Gerdts*, 295 So. 3d 819, 824-25 (Fla. 4th DCA 2020); *Levy v. Levy*, 900 So. 2d 737, 746 (Fla. 2d DCA 2005); *Karimi v. Karimi*, 867 So. 2d 471, 475 (Fla. 5th DCA 2004).

Here, Former Wife presented unrebutted testimony she had spent the withdrawn money on household bills, her living expenses, and her attorney's fees. None of these uses of marital funds was improper, and simply moving money from a joint account is an insufficient basis on which to sustain a misconduct finding.[1] The trial court's misconduct determination must be reversed. *See Ramos v. Ramos*, 230 So. 3d 893, 897 (Fla. 4th DCA 2017) ("Former Husband's use of the coins, to pay for household expenses, does not necessarily constitute 'intentional misconduct.'" (quotation omitted)); *Cooper v. Cooper*, 639 So. 2d 153, 155 (Fla. 2d DCA 1994) (improper to credit IRA spent on alimony, marital home mortgage payments, and living expenses where there was no finding that the IRA was depleted by misconduct or was used for a wrongful purpose); *see also Bush v. Bush*, 824 So. 2d 293, 294 (Fla. 4th DCA 2002) (holding that dissipation of some marital assets for an improper purpose does not justify attributing other assets against that party).

Remand is required where the findings in an equitable distribution case frustrate an appellate court's review. *Santiago v. Santiago*, 51 So. 3d 637,

---

[1] We also note that the trial court incorrectly found that $30,000 was withdrawn. Former Wife testified without opposition that she did not withdraw the full amount. Additionally, the trial court made inconsistent findings as to whether it believed Former Wife's testimony on how she spent the withdrawn money and offered no explanation as to what it deemed to be improper expenditures.

639 (Fla. 2d DCA 2011). The dissolution order does not explain how it calculated Former Wife's expenses. Thus, we remand for the trial court to make those findings and explain the basis for its alimony and equitable distribution calculations. *See Horowitz v. Horowitz*, 273 So. 3d 263, 268 (Fla. 2d DCA 2019) (failure to make all findings for monthly expenses where there were possible differing amounts warrants reversal and remand); *Olguin v. Olguin*, 339 So. 3d 1061, 1065 (Fla. 2d DCA 2022) (failure to make findings sufficient to allow review of the amount of alimony is reversible error).

Finally, the trial court's order failed to make findings on Former Wife's need for attorney's fees and Former Husband's ability to pay fees, which is required even if there is a misconduct finding. *See Lopez v. Lopez*, 385 So. 3d 1090, 1093 (Fla. 4th DCA 2024). On remand, the trial court shall make the proper findings. We express no opinion on whether Former Wife is or is not entitled to attorney's fees above the amount which she had paid from the joint account funds.

## Conclusion

Accordingly, we reverse and remand for recalculation of the alimony and equitable distribution awards without a finding of misconduct. The trial court shall set forth its findings on the calculation of Former Wife's expenses. The trial court shall also make a finding on Former Wife's need for attorney's fees and Former Husband's ability to pay attorney's fees.

*Reversed and remanded with instructions.*

GROSS and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4