DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FERNANDO NUNES,**
Appellant,

v.

**NATHALIE KRUP,**
Appellee.

No. 4D2024-0874

[February 19, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 50-2021-DR-006081-XXXX-NB.

Robin Bresky and Randall Burks of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

Ralph T. White of The Law Office of R.T. White, Palm Beach Gardens, for appellee.

PER CURIAM.

The former husband appeals an amended final judgment of dissolution of marriage and raises numerous issues. We agree with his argument that the trial court erred in its valuation of a marital vehicle for purposes of equitable distribution, and we reverse on that issue only. As to all other issues raised, we affirm without further discussion.

The trial court determined that a 2020 Chevrolet Traverse was a dissipated asset and valued it at $38,000. The valuation was based on a text message from the former husband to the former wife in which he stated that his "brief research" put the value of the vehicle at "around 38K" and that he was "willing to negotiate," and in which he offered an "agreed order[]" on a motion concerning the vehicle if the former wife was willing to wire him a specified amount of money.

We review a trial court's valuation of a marital asset for purposes of equitable distribution for an abuse of discretion. *Ramos v. Ramos*, 230 So. 3d 893, 896 (Fla. 4th DCA 2017). "A valuation not supported by

competent substantial evidence fails." *Id.* (quoting *Banton v. Parker–Banton,* 756 So. 2d 155, 156 (Fla. 4th DCA 2000)).

The trial court did not err insofar as it treated the vehicle as a dissipated asset. *See generally Roth v. Roth,* 973 So. 2d 580, 584-85 (Fla. 2d DCA 2008). However, the trial court should have sustained the former husband's objection to the text message as inadmissible evidence of a settlement negotiation. *See* § 90.408, Fla. Stat. (2024) ("Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value.").

Because the text message was the only evidence to support the $38,000 valuation, the valuation is not supported by competent, substantial evidence. We reverse as to this finding only, and we remand for the trial court to value the vehicle using competent, substantial evidence and, if necessary, to recalculate the equitable distribution equalizing payment to account for a different valuation.

*Affirmed in part, reversed in part, and remanded with instructions.*

KLINGENSMITH, C.J., CIKLIN and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**